STATE ex rel, Plaintiff-Appellee v. BROTHERHOOD OF RAILROAD TRAINMEN INSURANCE DEPARTMENT, Defendant-Appellant

Ohio Appeals, Second District, Franklin County

No. 3674. Decided February 26, 1944

Thomas J. Herbert, Attorney General, Richard C. Gerken and Harry R. Illman, Columbus, for Plaintiff-Appellee.

Pretzman & Dillon, Columbus, for Defendant-Appellant.

## OPINION

By GEIGER, J.

This matter is before this Court upon appeal by the defendant-appellant, Brotherhod of Railroad Trainmen Insurance Department, on questions of law from the judgment rendered on the 26th day of July, 1943, wherein the Court rendered a judgment in behalf of the plaintiff-appellee and against the defendant-appellant. The judgment appealed from was, "It is therefore ordered, adjudged and decreed that plaintiff recover from the defendant the sum of $11,363.65 and costs."

This matter is of considerable importance to the parties herein, inasmuch as recovery is for a considerable amount, and further for the reason that if the judgment rendered by the Court below is correct, a like judgment may be rendered annually for the same or possibly an increased amount unless there is a complete reversal of the defendant's policy in reference to its insurance department.

In view of this importance we will give considerable space to the discussion of the question.

On November 25, 1941, there was filed in the Court of Common Pleas a petition under the above title, being in that Court numbered 163,771. Wherever it occurs to the Court that any matter should be emphasized, it will be done by appropriate indication. We will delete all matter which is not absolutely essential.

The petition recites that the defendant is a domestic insurance company as defined by §5414-8 GC, and is subject to

the franchise tax imposed by §§5414-9 to 5414-17, inclusive, and that there is due from the defendant taxes and penalties:

1940 Domestic Franchise Insurance Tax $5,132.16 Penalty $513.22. Total $5645.38.

1941 Domestic Franchise Insurance Tax $5195.70 Penalty $519.27. Total $5715.27.

It is asserted that said above taxes and penalties so sought to be recovered stand charged upon the delinquent duplicate of domestic insurance company franchise taxes in the office of the Treasurer of State, and the same have been unpaid for a period of thirty days after having been placed thereon, and that demand has been made therefor, but no payment made.

Plaintiff prays judgment against the defendant in the sum of $11,360.65.

An answer was filed by the defendant to the second defense of which a demurrer was filed and sustained, and thereupon an amended answer was filed.

AMENDED ANSWER:

The defendant admits the qualifications of the plaintiff, that the defendant is a domestic insurance company as defined in the petition; that the taxes stand charged against it on the delinquent duplicate of the Treasurer of State, and denies all other allegations.

For a first defense defendant says that it is a fraternal benefit society, organized under and by virtue of the laws of Ohio as a corporation not for profit and licensed by the Department of Insurance of the State as a fraternal benefit society; that under and by virtue of the laws of Ohio governing and regulating fraternal benefit societies the contract of insurance issued by any such society and the rules governing the membership consist of articles of incorporation, its constitution and by-laws, the application for insurance and the certificate of insurance issued thereunder; that the constitution of the defendant at all times mentioned in the petition provides for the admission to membership in the Brotherhood of Railroad Trainmen as follows:

Section 120. A candidate for admission to the lodge shall have been employed as a railroad trainman, or bus operator and must be actually employed in train, yard or bus service in the jurisdiction of the lodge and on the road or bus line named in his application, at least one month prior to date of admission. The term "railroad trainmen" shall be held to cover the following occupations:

(Then follows a recitation of the services to be rendered "in road service", "in yard service" and "in train or yard service

of interurban electric railways", or of surface electrical railways who come in contact and work with men employed on steam railways or bus lines".) Then follows the qualifications of the applicant. He must not be less than eighteen and not to exceed sixty-five years of age on the day he is admitted to the lodge. He must be examined as provided. His failure to participate in the Inrurance Department shall not disqualify him from membership in the Brotherhood. Certain other disqualifications are enumerated.

Defendant says that such members may be either insured or honorary, and that membership in the Brotherhood is limited to railroad employees and bus operators who at the time of making application are in the employ of such railroad or bus company and that any eligible applicant to membership in said Brotherhood must be an employee of a person, firm or corporation or employees of a group of such employers engaged in the same or similar lines of business, and that the defendant indemnifies its **members** for loss in the event of accident, sickness or death.

Defendant says that membership in the defendant Brotherhood is confined solely to employees as defined in Section 120 of its constitution above quoted, all as provided in the rules of the Brotherhood of Railroad Trainmen Insurance Department, and particularly Rule 14 which provides that membership in this department shall continue only during the time that the member remains in good standing in the Brotherhood of Railroad Trainmen. If for any reason he should withdraw from such membership all certificates of insurance shall be determined and paid to him in cash, if living.

Defendant says that it also issues "Juvenile Insurance Certificates" on the lives of minor sons and grandsons of members of the Brotherhood of Railroad Trainmen and of deceased members of such Brotherhood in good standing at the time of death, all as provided in Rule $31\frac{1}{2}$ of the rules of the insurance department. Said rule $31\frac{1}{2}$ is to the effect that the general secretary and treasurer is authorized to issue certificates of insurance with graded benefits not exceeding $1000.00 on the lives of minor sons and grandsons of members of the Brotherhood of Railroad Trainmen and of deceased members who were in good standing at the time of their death under such rules and conditions as may be adopted by the board.

That the minor sons or grandsons on whose lives juvenile certificates of insurance are issued are not and cannot become members of the defendant Brotherhood unless they become of age and can otherwise qualify under Section 120; that application for juvenile insurance certificate is made by the father

or grandfather of said minor; that no certificate can be issued in excess of $1000.00 and that said certificates are confined to certain forms of policy and that the application for "Juvenile Insurance Certificate" is signed by the father or grandfather of said minor; that application for membership in the Brotherhood of Railroad Trainmen Insurance Department or in the Brotherhood of Railroad Trainmen is made by the prospective member who must be eligible under the provisions of Section 120.

Defendant further says that the preamble of the constitution is as therein set out; that the articles of incorporation are in part as follows:

"THIRD. The purpose or purposes for which said corporation is formed are: as a fraternal benefit society, without capital stock, organized and carried on solely for the mutual benefits of its members and their beneficiaries, and not for Profit, and having a lodge system with ritualistic form of work and representative form of government; to make provision for the payment of death, disability, benevolent and other benefits in accordance with the constitution, rules, regulations and orders of the society and as may now or hereafter be permitted by the insurance laws of the state of Ohio governing fraternal benefit societies."

Defendant further says that by reason of said eligibility list as provided in its constitution, that the defendant is exempt from the payment of any taxes imposed in §§5414-9, 5414-13 GC, both inclusive, by reason of §5414-11 GC.

SECOND DEFENSE:

The second defense is a plea of res judicata in that the plaintiff had asked judgment in an action, No. 160,215, in the Court of Common Pleas, for taxes and penalties for the years 1936, 1937, 1938, 1939, which said taxes at the time of the institution of said suit stood charged upon the delinquent duplicate of the domestic insurance company franchise taxes in the office of the Treasurer of State; that in said litigation the defendant filed an answer setting forth that it was a fraternal benefit society not for profit and further setting out its qualifications for membership as provided in Section 120, setting forth the preamble of such constitution as set forth in the first defense herein, and praying for dismissal of said petition upon the ground that it was specifically exempted from the provision of the domestic franchise tax, §5414-11 GC; that to said answer the state of Ohio filed its demurrer which was overruled, the Court finding that this defendant, by its oper-

ation was exempt from domestic franchise tax by virtue of the second paragraph of §5414-11 GC of the state of Ohio, and the plaintiff not desiring to plead further, final judgment was entered in favor of the defendant and against the plaintiff in said action on the first day of July, 1940; that prior to the time of the commencement of the said action the Superintendent of Insurance knew that the defendant was issuing juvenile certificates as set forth in the first defense by reason of certain actions taken by the Insurance Department, and reports made by the Brotherhood. It is asserted that a report of the juvenile business and activities of the defendant were set forth in detail, and particularly that said defendant had outstanding 449 Juvenile certificates of the face value of $323,500.00, and that for the year 1939 the annual report, which was filed with the Superintendent of Insurance on the 1st day of March, 1940, the juvenile business was set forth in detail and particularly recited that the defendant had outstanding 1391 juvenile certificates of the face value of $1,037,000.00.

Defendant says that no appeal or proceeding in error to said final judgment so rendered on said date was taken by the state of Ohio, and that the issues therein sought to be raised in this action are res judicata. Defendant prays that the petition be dismissed.

To the amended answer the state files its reply and demurrer.

For reply to the first defense it admits that the defendant is a fraternal benefit society, organized not for profit and licensed by the Department of Insurance of the State as a fraternal benefit society; that the qualifications for membership in the Brotherhood of Railroad Trainmen (not the defendant Brotherhood of Railroad Trainmen Insurance Department) are set forth in the sections of the constitution of the Brotherhood of Railroad Trainmen; the State further admits that the defendant issues juvenlie insurance certificates on lives of minor sons and grandsons of members of the Brotherhood of Railroad Trainmen and of deceased members in said Brotherhood, who were in good standing as provided by rule 31½.

It is further admitted that the preamble of the defendant's constitution and the purpose clause of its articles are as set forth in defendant's answer.

Replying further plaintiff denies every allegation set forth in the defendant's answer which is not an admission of an allegation in the plaintiff's petition.

It is alleged that by reason of the insurance written on the lives of said junior members the defendant does not come

within the provisions of §5414-11 GC, and is not exempt from the payment of the taxes imposed by §§5414-9 to 5414-13 GC.

DEMURRER:

Now comes plaintiff and demurs to the second defense as set forth in defendant's answer for the reason that the same is insufficient in law to constitute a defense to the plaintiff's petition.

THE STATUTES:

The sections of the statute which are pertinent may be epitomized as follows:

Sec. 5414-8 under the head of "Domestic Insurance Companies" defines the term "Insurance Company" as including every corporation, association and society engaged in the business of insurance of any character whatsoever.

The term "Domestic Insurance Company" includes every insurance company existing under the laws of the state and every unincorporated association formed for the purpose of engaging in said business in the state and excludes foreign insurance companies.

Section 5414-9 provides for an annual franchise tax on the privilege of being an insurance company and provides the method by which the tax shall be computed.

Section 5414-11 provides for a report of the valuation of certificates filed annually by fraternal benefit societies and provides that except as otherwise provided in this section a fraternal benefit society organized under the laws of this state, which issues insurance certificates (with certain recited exemptions) shall file with the Superintendent a report of the valuation of its certificates from which the Superintendent of Insurance shall for the purpose of the chapter determine the admitted and nonadmitted assets and liabilities of such benefit societies on the same basis on which the admitted and nonadmitted assets and liabilities of their benefit societies are determined.

The second paragraph of Section 5414-11 raises the question now at issue, which is whether or not the particular insurance society is exempt from taxation. The provision of said paragraph is that nothing contained in §§5414-9 to 5414-13, both inclusive, shall apply to any other domestic insurance company as defined in the chapter which is not required to file annual reports with the Superintendent of Insurance, "nor to associations, or corporations organized not for profit which admit to membership only employees of a person, firm or corporation or employees of a group of such employers engaged in the same or similar lines of business, who seek to

**provide indemnity among their members for loss from or to provide a benefit in the event of accident, sickness or death of any of their number,"** whether by means of the exchange of private contracts between themselves and a corporation or association created by them not for profit, for their protection and not for profit.

Section 5433 provides for the computation of insurance tax.

DEMURRER:

The first thing that we must determine is whether or not the demurrer to the second defense is well made, for if that demurrer is overruled, then the matter is terminated by virtue of the fact that all the questions involved in the present issue are res judicata by virtue of the decision of the Court in 1940 in case No. 160,215 from which no appeal was prosecuted.

The plaintiff in support of the demurrer points to the fact that the instant case is for taxes under the above sections for the years **1940 and 1941,** which taxes are in different amounts and for subsequent years than those upon which the action was based in case No. 160,215, which plaintiff asserts were not asserted or even ascertained at the time said action was instituted and that the former action, therefore, cannot be held **to estop the State from bringing the action for the current taxes.** Counsel cites many authorities sustaining his position and his contention that a decision concerning taxes of a particular year is not res judicata so as to preclude suit for taxes of another year. Counsel in addition to a large number of cases cited, calls attention to 26 R. C. L. at page 448, where it is stated:

"Applying the principles of res judicata to litigation involving the validity of taxes upon the same persons or upon the same property for successive years, it is held that a decision affirming or denying the liability of a particular person or a particular piece of property for one year is not necessarily conclusive with respect to the same person or the same piece of property in subsequent years, although the parties are the same."

It is asserted by counsel and our examination discloses that he is correct in the assertion, that all the quoted authorities hold that even where there is no issue which was not adjudicated in the prior case, where taxes for a subsequent year are involved, the prior action is not determinative of the subsequent proceeding between the same parties.

In the case of **State, ex rel. Book Concern v. Guckenberger,**

**133 Oh St 27**, it is held that under the provisions of §5570 GC, the Tax Commission has exclusive authority to declare property exempt, but the County Auditor has authority in any year thereafter to strike property from the exempt list and place it upon the taxpayer list.

Counsel for defendant states his position as follows:

"The question of law for determination of this court is whether or not the previous action involving the franchise taxes for 1936, 1937, 1938 and 1939, is res judicata and a bar to this suit involving taxes computed under the same law and in the same arithmetical manner for the years 1940 and 1941."

It is pointed out that in the previous action the pleadings did not contain any allegation with reference to the issuance of juvenile certificates. It is the contention of the defendant that the prior action is res judicata and a bar to this present action, for the reason that under the general rule, the doctrine of res judicata applies **not only to issues which were raised between the same parties, involving the same subject matter, but to all issues which might have been raised** and that inasmuch as the State had knowledge of the fact that the defendant was issuing juvenile certificates, prior to the institution of the first action, that it cannot re-litigate this same issue in the present suit. Citing **Bridge Co. v. Sargent, 27 Oh St 235; Petersine v. Thomas, 28 Oh St 596**, the first paragraph of the syllabus of the latter case being:

"When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined but also as to every other question which the parties might have litigated in the case."

Counsel point to what is stated to be the latest enunciation of the Supreme Court in **Quinn v. Leroy, 118 Oh St 48.** The first paragraph of the syllabus in the Quinn case is:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also

to every other question which might properly have been litigated in the case."

Counsel quotes 23 **O. Jur., p. 964,** as follows:

"The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or has had the opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to harass and vex his opponent in a second action involving the same matter."

Counsel for the State assert that while they are unable to find any cases directly in point in Ohio, the Court in interpreting the **Book Concern case, 133 Oh St 27,** and **Bartlett v. Thatcher, 138 Oh St 235,** pointed out that exemptions granted by the Department of Taxation were good only for the year in which the exemption was granted.

Counsel cite the decision in Newport v Commonwealth, 106 Ky., 434, as being directly in point:

"An adjudication upon a liability for taxes for one year is no bar to an action for taxes for a subsequent year."

See also Western R. Co. v. Missouri, 152 U. S. 314, wherein the United States Supreme Court held:

"A suit for taxes for one year is no bar to a suit for taxes for another year. The two suits are for distinct and separate causes of action."

Bank v. Memphis, 101 Tenn. 154, holds that,

"The plea of res adjudicata is limited in its effect, in tax cases, to the taxes actually in litigation, and is not conclusive in respect of other taxes assessed for other and subsequent years."

State v. Bank of Commerce, 95 Tenn., 221, holds:

"A judgment adverse to the claim for taxes for one year constitutes no bar to a suit for taxes of a subsequent year."

Citing Georgia Railroad and Banking Co. v Wright, etc., 124 Ga. 596; Michigan Southern and Northern Indiana R. R.

Co. v. Auditor, 9 Mich. 448; L. S. and Mich. So. R. R. Co. v. People, 46 Mich 193.

The Court held:

"The result of a suit for taxes of a particular year is not res judicata in subsequent suits between the same parties for taxes of other years, and the decisions upon legal questions arising in the first case are important only as precedents."

In C. B. & Q. Railroad Company v. Cass County, 72 Neb. 489, it is held:

"A claim for taxes under the assessment for one year is not the same cause of action as a claim for taxes on the same property under an assessment for a prior year."

City of Davenport v C. R. I & P Railroad Company, 38 Iowa, 633:

"Each year's taxes constitute a distinct and separate cause of action. They do not, in any sense, grow out of the same transaction."

To the same effect, Louisiana v. American Sugar Refining Company, 108 La. 603.

It is asserted that the subject matter of the first action between these same parties was the liability of the defendant for the payment of franchise taxes under what was then and still is the "Franchise Tax Law"; Sections 5414-8 to 5414-22 GC; that the prior action involved the years 1936, 1937, 1938 and 1939, whereas the instant case involves the years 1940 and 1941 is immaterial and unimportant for the taxes for each year are all based upon the same statute and the amount thereof was merely a matter of arithmetical computation under the statute. The subject matter of the prior action and of this action, therefore, is the liability for the payment of the franchise taxes, and particularly whether or not 5414-11 GC exempts the defendant from such payment.

It is asserted that in the former action the Court found that by virtue of Section 5414-11 this defendant was not liable for the payment of such franchise taxes, and that the only difference between the present action and the prior action is the State's contention that by reason of the fact that juvenile certificates are issued, the holders of such juvenile certificates are not to be considered as "members" of the defendant so-

ciety, and that, therefore, under **Section 5414-11** this defendant does not limit its membership solely to employees of a person, firm or corporation or "employees" of a group of such employers engaged in the same or similar lines of business. It is asserted that this factual situation existed at the time of the institution of said prior action, and under the authorities above cited, the doctrine of res judicata acts as a bar to this present suit, and that therefore the demurrer should be overruled.

We, therefore, arrive at the conclusion as all of the lower court judges have heretofore done, that so far as the demurrer to the second defense of the amended answer is concerned, said demurrer should be sustained, and whatever may have been asserted in that defense as a defense should be disregarded.

We, therefore, arrive at the conclusion that any claimed error by virtue of the exclusion of such testimony is not prejudicial.

## ASSIGNMENT OF ERRORS

The present assignment of errors by the appellant is:

(1) The Court erred in sustaining the demurrer of the defendant-appellee to the second defense of the defendant's amended answer. This, we overrule.

(2) The Court erred in sustaining the objection of the plaintiff to the offer of evidence on the part of the stipulation of facts entered into between the parties contained in the last paragraph on page 4 of the stipulation.

This assignment is overruled for the same reason as the former assignment.

The further assignment of errors must receive our further consideration, and are here enumerated:

(3) The Court erred in that the judgment in the above entitled cause is contrary to the manifest weight of the evidence.

(4) The Court erred in that the decision of the Court is not sustained by sufficient evidence.

(5) The findings and decisions of the Court are contrary to law.

Counsel after reciting his assignment of errors states:

"Assignments of error 1 and 2 have to do with the defense of res judicata, while the assignment of errors 3, 4 and 5 present to this Court the question of whether the court below correctly construed the exemption of the statute relied upon by appellant, to wit, 5414-11, as applied to the facts before it."

Before we examine the questions presented by the assign-ment of errors we might profitably analyze the decision of the trial court. The decision was rendered on the 14th day of July, 1943, and is very well considered. It is stated by the Judge of the Court of Common Pleas,

"It is the conclusion of this Court that the exemption clause of §5414-11 GC of Ohio clearly establishes an exemption only where the defendant seeks to provide indemnity among their members * * * and that the manner in which the defendant conducts its affairs, as heretofore indicated, takes it outside the field of exemption provided by §5414-11."

"Therefore, on the evidence and the law, the Court is of the opinion that no right appears in favor of the defendant for exemption of the franchise taxes sought to be collected by plaintiff from the defendant."

In contrast to the decision in the present case we cite the decision in case No. 160,215, by another Judge of the same Court, which gave rise to the claim of res judicata:

"Considering the whole of §5414-11 GC, particularly the second paragraph thereof, and still more specifically the language therein following the word 'nor' (which is the first word following the first comma in said second paragraph) the Court is of opinion that defendant falls within the exempted classi-fication therein set forth, and being within said classification that there is nothing in any other part of said statute which removes it therefrom.

"Demurrer to answer overruled."

This matter naturally has given the Court much concern for the reasons heretofore stated and by reason of the fact that the question is clearly a close one. We give con-sideration to the method in which the defendant does its insurance business. It has issued certificates (not policies) to a large number of minors and in a large amount based upon a provision by which the sons and grandsons of the members of the Brotherhood of Railroad Trainmen, (which is an unin-corporated association not for profit, differing from the de-fendant in this case, which is the Brotherhood of Railroad Trainmen Insurance Department, organized under the laws of Ohio,) may enjoy the benefits of their insurance certificates

during their minority even though they be not members of the Brotherhood of Railroad Trainmen or eligible thereto. It seems to us that the purpose of the exemption is to grant certain privileges to an organization providing for insurance confined to its own membership, and that the moment the organization steps outside of those who are actually railroad operators belonging to their parent organization, that it forfeits the right to exemption under §5414-11. The latter part of that section is rather obscure, but it appears that nothing in the enumerated section shall apply to an association not for profit which admits to its membership only certain employees engaged in the same or similar lines of business, who seek to provide indemnity among their members, or to provide a benefit as therein prescribed and confines the benefit of exemption from taxation to such an organization as insures only its own members. If by the provisions of its constitution or rules by which it does business it may insure the sons and grandsons of those in good standing in the organization, whether the parents or grandparents are living or dead, it would follow that they might extend this insurance indefinitely so that ultimately there would be more policies or certificates carried by those who were not members of the organization than by those who are.

The remedy, if any, is clearly with the Legislature.

Judgment of the Court below affirmed.

BARNES, P. J., and HORNBECK, J., concur.