52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL AMUSEMENTS, INC., Plaintiff-Appellant, Cross-Appellee,
v.
CITY OF SPRINGDALE, Doyle H. Webster, Clerk-Treasurer,
Defendants-Appellees, Cross-Appellants.
 Nos. 93-4168, 93-4230.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff National Amusements, Inc. ("National") appeals the district court's grant of summary judgment on its First and Fourteenth Amendment claims. The City of Springdale ("Springdale") imposed an admissions tax on all cinemas in Springdale. National operates one of three cinemas in Springdale. After challenging the validity of the tax in Ohio state court and losing, National filed suit in federal court. The district court determined on summary judgment that the suit was precluded under full faith and credit and res judicata principles. National now challenges this decision. Springdale (and its treasurer) cross-appeals, contending that the Tax Injunction Act, 28 U.S.C. Sec. 1341, prohibited the district court from considering the merits of National's action. Springdale also challenges the district court's refusal to impose sanctions against National pursuant to Fed.R.Civ.P. 11.
 
 
 2
 As this court concludes that this action is barred by claim preclusion, we find it unnecessary to resolve the Tax Injunction Act issue, Crocog Co. v. Reeves, 992 F.2d 267, 268 (10th Cir.1993); Superior Oil Co. v. City of Port Arthur, 726 F.2d 203, 206 (5th Cir.1984), and for the reasons stated herein, this court affirms the decision of the district court.
 
 I.
 
 3
 On November 15, 1978, Springdale enacted Ordinance No. 67-1978, which imposes a three percent tax on the admission price to any cinema in Springdale. National owns and operates Showcase Cinemas, one of the three cinemas in Springdale. In an effort to avoid payment of this tax, National filed suit against Doyle Webster, the Clerk-Treasurer for Springdale, in the Court of Common Pleas of Hamilton County on December 26, 1978. National requested a declaratory judgment and injunctive relief, and argued that the ordinance was facially invalid in violation of the Due Process and the Equal Protection Clauses of the United States Constitution. The trial court entered summary judgment in favor of Springdale after finding that the ordinance was constitutional on its face. National appealed this decision and the Ohio Court of Appeals affirmed the trial court's conclusion that the statute was not facially invalid on equal protection grounds. National Amusements, Inc. v. City of Springdale, 443 N.E.2d 1016 (1981).
 
 
 4
 Later, the Supreme Court decided Minneapolis Star & Tribune Co. v. Minnesota Comm'r of Revenue, 460 U.S. 575 (1983), holding that the First Amendment prohibits a state from imposing a special tax on the press and, by enacting exemptions, limiting its effect to only a few newspapers. Id. at 591.
 
 
 5
 In July 1984, National filed a second complaint against the City in the court of common pleas. National alleged, in part, that the admissions tax was unconstitutional as applied and violated National's rights under the First Amendment in contravention of the Minneapolis Star holding. In October 1984, the City enacted a new tax on all entertainment establishments that exempted cinemas. In defense of the suit, Springdale argued that National's cause of action was precluded under Ohio's res judicata doctrine. As an alternative, Springdale argued that the tax was constitutional or the new tax cured any previous problems. The trial court rejected the res judicata claim but agreed that the October tax cured any problem with future assessments. As to the taxes paid from 1979 through 1984, however, the trial court determined that the tax was unconstitutional and awarded National back taxes and interest.
 
 
 6
 Both parties appealed this decision. In 1989, the Ohio Court of Appeals affirmed the dismissal of the post-1984 tax claims and determined the following in regard to the pre-1984 taxes: 1) National's cause of action was precluded; 2) the admissions tax imposed prior to 1984 was constitutional; and 3) the award of interest was improper. The Supreme Court of Ohio affirmed on the grounds of res judicata. National Amusements, Inc. v. City of Springdale, 558 N.E.2d 1178 (Ohio 1990). In reaching this conclusion, the court explicitly rejected National's claim that the Minneapolis Star decision, as "intervening law," created an exception to Ohio's res judicata rules. Id. at 1180.
 
 
 7
 In 1992, National filed the present suit in federal district court, alleging that the tax, on its face and as applied, violates the First and Fourteenth Amendments. National also added a 42 U.S.C. Sec. 1983 claim. Springdale moved for summary judgment on the basis of the Tax Injunction Act or, in the alternative, 28 U.S.C. Sec. 1738's full faith and credit provision. It also requested Rule 11 sanctions against National. The district court granted summary judgment to Springdale on Sec. 1738 grounds alone, indicating that it found it unnecessary to decide the Tax Injunction Act issue and denying Springdale's request for sanctions.
 
 II.
 
 8
 As the district court decided the case on summary judgment, this court reviews the decision de novo. Pinney Dock & Transp. Corp. v. Pennsylvania Central Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 9
 A) Governing Law.
 
 
 10
 Section 1738 requires a federal court to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren Cty. Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); 28 U.S.C. Sec. 1738. As a result, "if an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." Gutierrez v. Lynch, 826 F.2d 1534, 1537 (6th Cir.1987) (footnote omitted). In order to make this determination, a federal court must examine state preclusion law to determine the effect of a prior state judgment in federal court. Migra, 465 U.S. at 80-81. Of course, where the state court has already decided the issue, as in this appeal, the district court's task is very simple. The only significant limitation to applying state law arises when the state proceeding did not provide the plaintiff a full and fair opportunity to litigate the issue. Gutierrez, 826 F.2d at 1537. Once the plaintiff has had an opportunity to fully litigate the issue in state court proceedings, however, Sec. 1738 precludes a subsequent suit on the same claim in federal court. Id.
 
 
 11
 In Ohio, a plaintiff is precluded from bringing a claim based on the same cause of action in a subsequent proceeding in state court. Osborn v. Ashland Co. Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992). If claim preclusion applies, the plaintiff is barred from relitigating
 
 
 12
 those claims upon which a final judgment on the merits has been rendered, as well as those claims which might have been litigated in the first lawsuit and which arise from the same subject matter and constitute the same cause of action.
 
 
 13
 Id. at 1133-34 (citations omitted).
 
 
 14
 B) New Tax Years.
 
 
 15
 National claims, as an initial matter, that each separate tax period constitutes a new cause of action for the taxpayer under Ohio law. Based on this premise, it contends that the two state court actions only decided the validity of the taxes paid for the years prior to the respective decisions and, therefore, it may adjudicate the issue of its tax liability for the years 1988 to the present.
 
 
 16
 However, this court finds no support, logical or otherwise, for that position. None of the cases National cites in support are on point. Rather, they all involve individual taxpayers contesting the imposition of a yearly tax assessment. In each, the courts held that prior litigation concerning the amount of the tax owed cannot preclude a taxpayer from litigating the amount owed in a subsequent year. See, e.g., Standard Oil Co. v. Zangerle, 49 N.E.2d 406, 411 (Ohio 1943) (prior determination of value of property for yearly tax assessment does not preclude subsequent suit concerning value of property for a later yearly tax assessment).[1]
 
 
 17
 In contrast, this suit represents National's third attempt to challenge the constitutionality of the ordinance which imposes the admissions tax. Unlike the above cases, the essential facts in this case do not change from year to year. As the City so aptly stated, "[t]he right not to be unconstitutionally taxed is one cause of action, regardless of the tax years involved." As none of the cases cited by National holds that a taxpayer has the right to repeatedly challenge the constitutionality of a tax, the cases are not persuasive.
 
 
 18
 Furthermore, this court finds significant that National made this exact argument in its brief to the Ohio Supreme Court. While that court did not address the issue in its opinion, it necessarily rejected this argument when it held that the 1981 decision precluded National's 1987 case. Pursuant to Sec. 1738, then, this court must also reject National's argument.
 
 
 19
 C) Res Judicata.
 
 
 20
 National contends that the Ohio courts erred in their resolution of the res judicata issue. This issue is not subject to review, however, unless National can establish that the state proceedings did not fully litigate the issue. Simply put, "Congress [did not intend] to allow relitigation of federal issues decided after a full and fair hearing in a state court simply because the state court's decision may have been erroneous." Allen v. McCurry, 449 U.S. 90, 101 (1980). Indeed, we held in Osborn v. Ashland Co. Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131 (6th Cir.1992), that if this court were required to review state court decisions every time "constitutional law was interpreted or a constitutional right was at issue, the Full Faith and Credit Act would be undermined." Id. at 1134. Hence, under Sec. 1738, this court must apply Ohio's decision regarding the preclusive effect of the prior state court judgment.
 
 
 21
 National similarly contends that even if res judicata principles normally apply to bar a second lawsuit for the same claim, the principles do not apply in this case in light of the change in the law that occurred with the Supreme Court's decision in Minneapolis Star. Considering that the Ohio Supreme Court spoke directly to this issue and explicitly held in 1990 that the Minneapolis Star decision does not represent such a major change in constitutional law that it requires an exception to Ohio's res judicata rules, this argument fails for the same reasons discussed above. As this court is not in the position to review the Ohio Supreme Court's decision for possible error, we must, under Sec. 1738, reject plaintiff's argument.
 
 
 22
 D) Full and Fair Opportunity.
 
 
 23
 National contends that National II does not preclude the present lawsuit since the Ohio Supreme Court failed to consider the merits of its First Amendment claim, thereby denying it a full and fair opportunity to present the claim. In light of the applicable law on this issue, however, we find this argument to be without merit.
 
 
 24
 While a state's rules of preclusion do not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue," Kremer, 456 U.S. at 480 (citing Allen v. McCurry, 449 U.S. 90, 95 (1980)), the state proceedings need only satisfy the minimum procedural requirements of the Due Process Clause to qualify for full faith and credit. Id. at 481.
 
 
 25
 National's participation in National I[2] satisfies this standard. It clearly could have (and should have) raised the First Amendment issue in its first lawsuit. The Ohio courts would have adjudicated the issue had National raised the issue in the original suit. Migra, 465 U.S. at 84 (finding significant that state court would have adjudicated plaintiff's federal claims if she had presented them in state court). National's inability to argue the merits of the First Amendment claim is a result of National's delay, not a procedural defect of the Ohio court system. Hence, unless National can establish that Ohio's rules of res judicata in general violate the Due Process Clause, National has no basis for claiming that it was not given the opportunity to raise the issue.
 
 
 26
 Moreover, the fact that Minneapolis Star was decided after National I does not command a different result. A similar argument was considered and rejected in Gutierrez v. Lynch, 826 F.2d 1534 (6th Cir.1987), where a terminated police officer sued his employer in state court and the state court ruled against him. Subsequent to the state court decision, the Supreme Court decided Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), which recognized for the first time a tenured public employee's right to receive a pretermination hearing. Gutierrez then brought a Sec. 1983 action in federal district court, asserting, in part, a claim under Loudermill. The district court, however, found the claim to be precluded under Ohio law. The Sixth Circuit affirmed. Gutierrez, 826 F.2d at 1538. In rejecting plaintiff's claim that he was denied a "full and fair opportunity" to present his pretermination hearing claim, the court stated:
 
 
 27
 Nothing prevented plaintiff from arguing to the state courts that he was entitled to such a hearing. The fact that the right was not recognized until after plaintiff's state action was resolved does not mean that he could not have raised the issue during the state litigation. Plaintiff has had the opportunity to fully and fairly litigate his claim on the merits in state court.
 
 
 28
 Id. (emphasis added). Similarly, National was given a full and fair opportunity to litigate its issues in the Ohio state court.
 
 
 29
 Finally, the cases cited by National in support of its argument are not persuasive. Most deal with a procedural defect that occurred prior to the state hearing that violated the litigant's due process rights.[3] This obviously is not the present situation.
 
 
 30
 E) Rule 11 Sanctions.
 
 
 31
 This court reviews a district court's denial of Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). A court may be deemed to have abused its discretion only when the reviewing court is "firmly convinced" that a mistake has been made. Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988). The City contends that in light of the Ohio Supreme Court's ruling regarding res judicata, the present lawsuit was not brought in good faith.
 
 
 32
 While that position has some merit, the circumstances of this case are not so egregious that this court would conclude that the district court abused its discretion in denying the City's request. As the district court found, National is attempting to accomplish an extension of the pre-existing law in this area. The district court's denial of Rule 11 sanctions was not an abuse of discretion.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 See also Beatrice Foods Co., Inc. v. Lindley, 434 N.E.2d 727, 731 (Ohio App.1982); Herbert v. Brotherhood of Trainmen Ins. Dept., 54 N.E.2d 320, 324 (Ohio App.1944) (the appropriateness of an exemption granted only on a yearly basis may be relitigated in a subsequent suit); Miller v. Mahoning Cty. Bd. of Revision, No. 91 C.A. 218, 1993 WL 19631 (Ohio App. Jan. 26, 1993) (allowing a plaintiff to relitigate the value of land for a subsequent year)
 
 
 [2]
 National contends that it did not have a full and fair hearing on the First Amendment issue in National II. It misstates this issue, however, as the controlling issue is whether it had a meaningful opportunity to be heard in the National I litigation, the original lawsuit on its claim
 
 
 [3]
 See, e.g., Bailey v. Andrews, 811 F.2d 366, 369-70 (7th Cir.1987) (denial of opportunity to cross-examine the witness); Thournir v. Meyer, 803 F.2d 1093, 1095 (10th Cir.1986) (expedited proceedings in the state court resulted in insufficient notice to the plaintiff)