Frank A. Gulotta, J.
This is a motion by the defendant for summary judgment in an action to recover damages in an action which sounds both in false imprisonment and malicious prosecution.
The facts which spawned this lawsuit are as follows: On October 3, 1959, at about 9:00 p.m. a man entered defendant’s liquor store and ordered a bottle of wine. As defendant got the wine and was returning to the counter, he felt a gun in his back. He swung around and struck the individual over the head with the wine bottle causing him to bleed about the face and head. The man then fled and defendant called the police. Shortly thereafter the plaintiff was picked up by the police and brought to police headquarters where he was identified by the defendant as the person who attempted to rob him. The plaintiff was thereupon charged with the crime, arraigned in the District Court, held for the action of the Grand Jury, and incarcerated in the Nassau County Jail in default of bail. He was subsequently indicted by the Grand Jury and brought to trial. Before the Grand Jury and again at the trial, defendant identified the plaintiff as the individual who attempted to hold him up. At the conclusion of the People’s case, upon motion of the defendant, the charge against him was dismissed. During this period the plaintiff spent 108 days in the county jail.
The defendant’s position is, that in spite of plaintiff’s acquittal, he is nonetheless guilty and was properly identified as the robber; further, that since plaintiff was held for the action of the Grand Jury and then indicted, it is evident there was probable cause for the prosecution and consequently he cannot *867 be liable for malicious prosecution, and finally, that he cannot be liable for false arrest, because the plaintiff was already in custody when the defendant was called to identify him.
Plaintiff’s response is that he is not suing for malicious prosecution but for false imprisonment, and that the defendant is responsible if there was not probable cause for plaintiff’s arrest regardless of who physically made it, since he instigated and procured it to be made.
Neither of these arguments offers a complete solution to the problem in this case.
False imprisonment and malicious prosecution are kindred torts, but the latter requires proof, not only of lack of probable cause, but malice as well, i.e., a primary purpose other than that of bringing an offender to justice. (Prosser, Torts [2d ed.], p. 646.) The plaintiff ascribes no such purpose to defendant. He says rather that whether defendant believed in his identification or not, he was wrong and therefore the arrest was illegal and defendant is liable therefor.
He relies on Davern v. Drew (153 App. Div. 844, affd., without opinion 214 N. Y. 681). That was a case of mistaken identity, where the defendant caused the plaintiff to be identified and arrested on an extradition warrant and which held that the act of the police officer in making the arrest, was the act of the defendant who actively participated in the proceedings both before and after the arrest, although he was not personally present when the arrest was made.
I do not think that in our case any valid distinction may be based on the fact that defendant’s testimony at most, was responsible for plaintiff’s being continued in custody. The tort is false imprisonment, although it is sometimes called false arrest and if it was unlawful, it was nonetheless so because the police already had the plaintiff in hand when they called defendant.
The opinion in Morgan v. New York Cent. R. R. Co. (256 App. Div. 177) sheds a considerable amount of light on this question. There a defendant who had been arrested by private railroad detectives as a suspect in a robbery, which had in fact taken place, was acquitted and then sued for false imprisonment. It is pointed out that “ probable cause ” is no element of this tort — rather the issue is, was there “reasonable cause” for believing that the accused had committed the felony, so as to justify an arrest under subdivision 3 of section 177 of the Code of Criminal Procedure, without a warrant. It was held that although the concepts are not identical, since an arrest may be unlawful although the prosecution is justified, that, because *868 of established precedent, the same rule applies to both. That rule confirms that a holding by a Magistrate and an indictment by a Grand Jury establishes prima facie the rectitude of a prosecution. It therefore likewise justifies an arrest, and thrusts on the plaintiff the burden to repel the resulting inference of reasonableness, by showing that defendant misrepresented or suppressed facts which imposed upon and deceived the Magistrate and the Grand Jury.
Section 177 of the Code of Criminal Procedure was amended in 1958 (L. 1958, ch. 706) by the addition of subdivision 4 which protects the police officer making an arrest, where, he has reasonable cause to believe that a felony has been committed and that the person arrested committed it, whether a felony has in fact taken place or not. This would likewise protect the person who procures the police officer to act, but not of course if he furnishes false information to induce the action.
Here there is no serious question but that a felony took place, but whether there was reasonable grounds on defendant’s part for identifying and thus accusing the plaintiff is essentially a factual question for a jury. The presumption of reasonable grounds resulting from the subsequent action of the Magistrate and the Grand Jury, works for the defendant. However, in the face of plaintiff’s assertion that he had nothing whatever to do with the crime, only someone who hears the story of what he was doing there (eight blocks from the scene of the crime within 15 minutes after its occurrence); where the blood on the head came from, etc., is going to be in a position to evaluate whether defendant’s identification was justified.
The dismissal at the conclusion of the People’s case does not establish plaintiff’s innocence for the purpose of this trial, merely that there was not enough evidence to conclude that he was guilty beyond a reasonable doubt. Not having taken the stand his veracity was not even an issue, while here it is one of the main issues. Of course if the jury decides that he is the culprit, that is an end of the matter, but even if it decides he was not, it does not follow that defendant is liable. Defendant need not be right at his peril. The test is reasonableness. He could be wrong and still be reasonable, as for instance (to take an extreme case), where identical twins look so much alike, that even a close friend cannot tell them apart. Motion denied.