Per Curiam.

Judgments of conviction reversed on the law and complaints dismissed. The evidence of peaceful picketing activities on the part of the defendants in front of the Florida Pavilion of the New York World’s Fair was insufficient to warrant their *431 conviction for unauthorized intrusion on private property. While section 2036 of the Penal Law makes it a misdemeanor to intrude unlawfully on the land of another, it does not make it unlawful to remain, after being requested to leave, on premises theretofore lawfully entered. Under the circumstances here, even if the World’s Fair grounds be deemed private rather than public, the convictions under section 2036 as it now reads cannot stand without offending the fundamental requirements of due process (Bouie v. City of Columbia, 378 U. S. 347 [1964]).
The proof is likewise insufficient to support the convictions under subdivisions 2 and 4 of section 722 of the Penal Law. (People v. Carcel, 3 N Y 2d 327; People v. Nixon, 248 N. Y. 182; People v. Phillips, 245 N. Y. 401; People v. Kieran, 6 Misc 2d 245.) A judgment of conviction for the violation of subdivision 2 of section 722 may be affirmed if the evidence established a violation of subdivision 3, even though defendants were not charged with that offense (People v. Carcel, 3 N Y 2d 327, 333, supra; People v. Feiner, 300 N. Y. 391, 398; People v. Hipple, 263 N. Y. 242, 244; but, see Cole v. Arkansas, 333 U. S. 196). The evidence adduced, however, was insufficient to show a violation of subdivision 3, since it did not establish that defendants “ congregate [d] with others on a public street and refuse [d] to move on when ordered by the police ”. The defendants were ‘' not even standing together ’ ’ and were therefore not congregating with others (People v. Carcel, supra, p. 333). Concededly, they did not remain .stationary and were therefore “moving on”. They were not told to “move on” but were directed to stop picketing and surrender their placards.
In any event, under the circumstances here present, the likelihood of a breach of the peace was negatived by the presence of police officers in sufficient number to control the situation (Edwards v. South Carolina, 372 U. S. 229, 233; People v. De Stefanis, 34 N. Y. S. 2d 52).
We do not intend by this decision to hold that defendants had the right to picket on the Fair grounds (cf. Farmer v. Moses, 232 F. Supp. 154). There was, however, insufficient evidence to sustain convictions for the violations of the specific statutes with which defendants were charged.
Hart and Martuscello, JJ., concur; Hogan, J., concurs in the reversal of the conviction of the defendants for a trespass under section 2036 of the Penal Law, but dissents and votes to affirm their conviction of disorderly conduct under section 722 of the Penal Law in the following memorandum: The uncontroverted testimony of the People’s witnesses established that their actions forced members of the public to leave the sidewalk and enter the highway to their annoyance, inconvenience and *432 hazard. Moreover, they congregated with others and refused to move on when ordered by the police (People v. Galpern, 259 N. Y. 279).
Judgments of conviction reversed, on the law, and complaints dismissed.