ARNOLD SCHILDHAUS, Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, July 8, 1965.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*Arnold Schildhaus,* respondent in person.

*Per Curiam.* In this action the defendant City of New York appeals from a judgment entered against it in the amount of $12,218.50 upon a jury verdict in plaintiff's favor on his first cause of action. The plaintiff also appealed. His appeal was from the jury verdict in defendant's favor on the second cause of action.* That appeal, however, had been dismissed by order of this court dated May 7, 1965.

The first cause of action is for false imprisonment and arises out of a series of seven separate incarcerations of the plaintiff which stemmed from an allegedly defective information charging him with misdemeanor violations of various sections of the Multiple Dwelling Law. The plaintiff was ultimately acquitted of these charges and the instant action was thereafter commenced.

As with any tort action of this nature against the City of New York, the plaintiff must bottom his cause of action upon a proper and timely served notice of claim. If such notice is not in compliance with the substantive requirements of subdivision 2 of section 50-e of the General Municipal Law, or it is not served within the period of time prescribed by subdivision 1 of section 50-e, the action thereafter commenced is fatally defective.

The pertinent subdivisions of section 50-e provide:

"1. In any case founded upon tort where a notice of claim is required * * * it shall be given within ninety days after the claim arises. * * *

"2. The notice shall be in writing * * * and shall set forth: * * *

"(2) The nature of the claim; (3) the time when, the place where and the manner in which the claim arose".

In this case two purported notices of claim were served upon the defendant, one on April 7, 1961 and one on June 21, 1961. The first notice listed the dates upon which the plaintiff was allegedly wrongfully imprisoned as November 9, 1954, March 17, 1955, May 25, 1955, September 9, 1958, December 2, 1958, December 3, 1958 and February 16, 1960. Apparently this notice was designed to include each incarceration of which the plaintiff

---

* The second cause of action on which the jury rendered a defendant's verdict was for malicious prosecution.

complains because it refers to seven such imprisonments and the plaintiff complains of only seven.

If the plaintiff were to rely upon this first notice, then it is evident that plaintiff has failed to comply with subdivision 1 of section 50-e in that the service of the notice was untimely. As a result, the first cause of action would have to be dismissed. This follows because we conclude that the claim for each of the imprisonments arose as of the time each such imprisonment terminated (*Molyneaux* v. *County of Nassau,* 22 A D 2d 954, affd. 16 N Y 2d 663) and not from the ultimate date of acquittal on the charges, as is contended by the plaintiff. Plaintiff's argument in this regard is rather difficult to understand inasmuch as the original notice of claim was served on April 7, 1961 and the plaintiff was not acquitted until May 23, 1961. Accepting the plaintiff's argument, this notice would be premature and invalid.

Moreover, even if the first notice of claim had been timely filed, a dismissal would still be required. There was no proof offered in support of the claimed imprisonments as set forth in that notice. At the trial the dates of imprisonment upon which proof was offered were February 13, 1957, April 9, 1957, June 4, 1957, November 18, 1958, December 8, 1959, February 23, 1960 and March 16, 1961 — dates totally different and unrelated to those set forth in the notice of claim. It is problematical whether the substitution of a completely different set of seven dates for the seven originally set forth in the notice could be deemed a correctible " mistake " or " defect " within the meaning of subdivision 6 of section 50-e. We need not decide that question because the plaintiff made no application for any relief with respect thereto as the section requires.

Assuming *arguendo* that the original notice of claim actually related to the dates of imprisonment proven at the trial, it would still have been filed too late with respect to six of the seven claims made by the plaintiff. According to the testimony adduced at the trial, the imprisonment in each of the first six cases terminated — at which time each of the claims arose - - more than 90 days prior to the filing of the notice of claim on April 7, 1961. Thus, the first six claims are fatally defective and, at best, only one of the imprisonments — the one that allegedly took place on March 16, 1961 — could stand as a possible basis for a recovery. But, as already indicated, a recovery may not be had on that claim because there is no proper notice of claim to support it. In any event, even if the plaintiff's claim on the seventh imprisonment were sustained, the verdict may not stand and a new trial would be required. The jury's verdict

was bottomed on seven imprisonments and there is no way of determining the amount of damages the jury awarded with respect to the last incident.

Nor does the second notice of claim served on June 21, 1961 suffice to sustain plaintiff's first cause of action. Apart from the weakness discussed with respect to the first notice, this second notice failed to comply with subdivision 2 of section 50-e in that it set forth no dates with respect to the alleged imprisonments. It was apparently an attempt to cover everything by specifying nothing. Such a notice must be deemed to be a nullity.

Finally, even if we had not determined that a dismissal or at best a new trial would be required for the aforesaid reasons, a new trial would be required on yet another ground. In order to arrive at a verdict for the plaintiff, the jury would have been obliged to find that the information underlying the arrests was not properly sworn to by the Building Inspector. We conclude that such a finding is contrary to the weight of the credible evidence. The information was in all respects regular on its face. It was buttressed by the unequivocal testimony of the inspector that it had been sworn to before the Chief Inspector. The proof offered to the contrary was speculative and conjectural and consequently was insufficient to justify a finding that the information was defective.

Accordingly, the judgment should be modified on the law and the complaint dismissed in its entirety, with costs.

VALENTE, J. (concurring). I concur; but would add that in any event there must be a reversal of the judgment herein. The false arrest cause of action was bottomed on a claim that the information upon which plaintiff was prosecuted in Special Sessions was a nullity since it had never been sworn to in the manner prescribed by law. The Trial Justice charged the jury that if they decided that the information was duly sworn to, then plaintiff must lose on his claim for false imprisonment; but if the jury decided that there was no due swearing "then the Court of Special Sessions had no jurisdiction over Schildhaus, and the plaintiff is entitled to a verdict at your hands on his first cause of action".

In my opinion, the issue of whether the Court of Special Sessions had jurisdiction should not have been submitted to the jury. By the verdict of acquittal by the Court of Special Sessions — a verdict based on the weight of the evidence — there was a tacit judgment by that court on the litigated question of jurisdiction. That judgment on the issue of jurisdiction could

not be collaterally assailed in the instant action. It should have been conclusively presumed, since without jurisdiction the Court of Special Sessions would not have had the power to pass upon the merits of the case. Consequently, the Trial Justice should not have left that question for the jury.

RABIN, J. P., McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; VALENTE, J., concurs in result and in the majority opinion, in opinion.

Judgment so far as appealed from unanimously modified on the law and on the facts and the complaint dismissed in its entirety, with $50 costs to the appellant.