■ WILLIAM GOTTLIEB, Appellant, v. SULLIVAN COUNTY HARNESS RACING ASSOCIATION et al., Respondents.— AULISI, J. Appeal from a judgment of the Supreme Court at Trial Term, Sullivan County, entered in the office of the Clerk on February 28, 1964 dismissing the plaintiff's complaint in an action for damages for false arrest, malicious prosecution and assault. On July 9, 1959 plaintiff telephoned the defendant, Jacob Iberger, the security officer employed by the defendant, Sullivan County Harness Racing Association, Inc., and asked permission to bring a Mr. Smith, a convicted bookmaker, to the track. When Iberger refused, plaintiff said that he also was a convicted bookmaker and intended to enter the track. Plaintiff then called the president of the defendant corporation and made the same request. Again he was refused. That evening, plaintiff did buy a ticket and entered the corporate defendant's race track. Soon thereafter, he was told that he was an undesirable and asked to leave. When he refused, he was detained until placed under arrest by the local police on a charge of disorderly conduct. The information, executed by Iberger, was later dismissed and this action followed. At the close of testimony, both parties, having agreed there was no factual issue to be determined by the jury, moved for a directed verdict. In our opinion, the trial court properly dismissed the complaint. The defendants had the right, power and authority to determine the plaintiff an undesirable and to terminate his license. A ticket to a place of public amusement is a license and revocable (*Aaron* v. *Ward*, 203 N. Y. 351; *People ex rel. Burnham* v. *Flynn*, 189 N. Y. 180). A race track is a place of amusement (*Madden* v. *Queens County Jockey Club*, 296 N. Y. 249, cert. den. 332 U. S. 761). The Rules and Regulations of the New York State Harness Racing Commission in effect on July 8, 1959, provided in part: "99.7 Misconduct and association with undesirables. (a) The commission may impose the penalties as prescribed by law if it finds that any licensee or other person subject to the jurisdiction of the commission: (1) is associating, consorting or negotiating with bookmakers, touts or other persons of similar pursuits, or; (2) is associating, consorting or negotiating with persons who have been convicted of a crime, or; * * * 99.8 Undesirable Persons. Any person whether a licensee, participant or patron whose conduct is deemed detrimental to the best interest of harness racing or who is deemed an undesirable person may be expelled from the track." (19 NYCRR 99.7, 99.8.) The above places a burden

upon a race track licensee to carefully screen its patrons and empowers a licensee to expel patrons deemed undesirable. Plaintiff was a convicted bookmaker and he attempted to obtain permission for the admission of another convicted bookmaker. The defendant had the right to terminate plaintiff's license to remain at the track; and it follows that, as plaintiff specifically conceded, when moving for a directed verdict, "under these circumstances [he has] no cause of action". We find no merit in plaintiff's contention that the trial court erred in permitting defendants to amend their answer and bill of particulars. He took no exception to these rulings which subsequently resulted in mistrials being declared, to prevent prejudice to the plaintiff. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.