Jacob T. Zttkerman, J.
The respondent is a 15-year-old girl who is alleged to have violated section 140.10 of the Penal Law. The petitioner, Mrs. Gertrude Taccia, is a member of the security department of Gertz Department Store. Mrs. Taccia testified that she saw the respondent in the company of two companions in the store on September 19, 1968; that these companions were opening the pocketbooks of female customers; that since the people involved refused to prosecute, no action was brought ' against any of the girls for such attempts at taking unlawfully. Mrs. Taccia stated that she took all three girls to the security room and wrote, up a report. She testified that she had been present on a prior occasion in July, 1968 when the respondent had been directed to stay out of the store. Mrs. Taccia testified also that she called Mr. Edward H. Dean, security director, who spoke with the respondent telling her that she had been ordered out of the store.
*1094 Mr. Dean testified that he saw the respondent on September 19, 1968 when Mrs. Taccia brought her to the security room; that he asked her if she was the girl whom he had told in July not to come back into the store and that she had admitted this. Mr. Dean testified that in July, 1968 he had warned her to stay out of the store and that he had read to her section 140.10 of the Penal Law; he stated further that when he questioned her on September 19 why she had come into the store that day, she stated “ I just came in and that he then charged her with violating the criminal trespass law and had her arrested.
At the end of the petitioner’s case, the respondent moved for a dismissal as a matter of law on the ground that no prima facie case had been made. Decision was reserved pending submission of memoranda, which have been submitted and argued. After hearing arguments, the motion was denied. The respondent rested.

The Respondent’s Contentions.

The respondent maintains that “the mere intrusion onto another’s property, without consent, cannot in and of itself constitute criminal trespass, absent criminal intent ”; that “the fact that the Petitioner had advised the Bespondent not to return to the store and the fact that she did return to the store does not supply the necessary element of intent to commit some crime or do injury to the Petitioner’s person or property ” and that mere entry without intent to commit crime does not constitute unlawful entry (People v. Seaman, 21 A D 2d 907 [1964]). Note however that this was decided on the basis of the old section 405 of the Penal Law, then in effect.
The respondent also argues that mere refusal to leave does not warrant a finding of criminal trespass (Marsh v. Alabama, 326 U. S. 501; People v. Collins, 44 Misc 2d 430 [1964], affd. 16 N Y 2d 554). She maintains that when she was asked to leave in July that she did so and that the petitioner had not testified that she had been asked to leave the store on September 19 before being arrested.
Further the respondent contends that she had a lawful right to enter and remain in petitioner’s store, even after being told not to return by the petitioner. (Civil Rights Law, art. 4, § 40; Executive Law, § 296; U. S. Civil Rights Act of 1964, § 201, subd. [b], par. [2]; subd. [c], par. [2] [U. S. Code, tit. 42, § 2000a] ; Blow v. North Carolina, 379 U. S. 684; Bouie v. City of Columbia, 378 U. S. 347.)
In addition, the respondent suggests that if the intent of section 140.10 of the Penal Law were to give a store owner the *1095 right to exclude persons from its store for all time and to subject them to criminal prosecution if they did return, it would be unconstitutional; and that the lapse of several months between warning to stay out and the return to the store was a long enough period to make this request to stay out unreasonable.

The Petitioner’s Arguments.

The petitioner, on the other hand, maintains that article 140 and particularly section 140.10 of the Penal Law is constitutional; that section 140.10 and subdivision 5 of section 140.00 make unlawful the mere doing of the prohibited act of knowingly entering the store after having received the lawful order not to enter; that no criminal intent need be shown in re-entering the store after having received a lawful order not to re-enter; that if any doubt exists that the respondent violated article 140, particularly section 140.10 thereof, by knowingly entering the store after having received a lawful order not to do so, that it is a question of law and any doubt on the law must be resolved in favor of the petitioner on the motion to dismiss.

The Issues.

1. Is article 140 and particularly section 140.10 of the Penal Law constitutional?
2. Did the respondent, after having received a lawful order not to enter the store, personally communicated to her by an authorized person in July, 1968, violate section 140.10 by knowingly entering said store on September 19, 1968?

The Court’s Decision.

The court finds that article 140 and particularly section 140.10 of the Penal Law is constitutional.
Section 140.10 provides as follows:
‘ ‘ Criminal trespass in the second degree. A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders.
“ Criminal trespass in the second degree is a class B misdemeanor.” (L. 1965, ch. 1030, eff. Sept. 1, 1967.)
Tn defining the terms aforesaid, subdivision 5 of section 140.00 of the Penal Law of New York State provides in part as follows: “ 5. ‘ Enter or remain unlawfully. ’ A person ‘ enters or remains unlawfully ’ in or upon premises when he is not licensed or *1096 privileged to do so. A person who regardless of his intent enters or remains in or upon premises which are at the time open to the public, does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or authorized person.”(L. 1965, ch. 1030, eft. Sept. 1,1967; emphasis supplied.)
In connection with the above-mentioned sections, the question arises as to what constitutes “ a lawful order ”. Black’s Law Dictionary (4th ed.) at page 1032 defines the word lawful as follows: 1 ‘ Legal; warranted or authorized by the law; having the qualifications prescribed by law; not contrary to nor forbidden by the law.” (Emphasis supplied.)
There is nothing in either section which infringes upon section 40 of the Civil Rights Law or section 296 of the Executive Law. Article 140 of the Penal Law does not purport to give an owner the right to keep a person out of the premises merely on the basis of an individual’s race, color, creed or national origin. Furthermore, statutes which make it a penal offense to trespass willfully on the premises of another after being forbidden to do so have been held constitutional as against contentions that they violate the 14th Amendment to the United States Constitution.
American Jurisprudence (vol. 52, § 85, p. 896) states, in part as follows:
“ Section 85. By Statute.-Statutory provisions making certain acts of trespass punishable as crimes are quite common particularly when the act is accompanied by elements of will-fullness, force or malice. Thus, it is sometimes made a penal offense to trespass willfully on the premises of another after being forbidden to do so, or to refuse to depart after being ordered to do so. Such statutes have been held constitutional, as against the contentions that they violate the 14th Amendment to the Federal Constitution ’ ’.
“ The warning not to enter may be either oral or written ”.
Nor is criminal intent necessary to establish criminal trespass. Subdivision 5 of section 140.00 of the Penal Law, which has superseded the old section 405, is quite clear in emphasizing “ regardless of his intent ”. It is important to note the comments in the practice commentary to subdivision 5 of section 140.00 of the Penal Law, which are set forth in McKinney’s Consolidated Laws of New York (Book 39, Penal Law, p. 342) which read in part as follows: “ The second sentence of subdivision 5 provides that a person who, regardless of his intent, enters or remains in or upon premises which are at the time *1097 open to the public does so with license or privilege unless he defies a lawful order not to enter or remain which is personally communicated to him by the owner of such premises or other authorized person. * * * The second part of this provision is intended to make clear that the proprietor of a department store, or other place which is open to the public, may not enlarge the scope of the criminal trespass or burglary sections by posting notice that shoplifters or others are prohibited from entering the premises. This provision requires that a ‘ lawful ’ order not to enter or remain be personally communicated to the person who is unwelcome, before such person can be deemed to have ‘ entered or remained unlawfully ’. The term 1 lawful ’ would be referable, e.g., to Executive Law § 291 which provides that the opportunity to the use of places of public accommodation without discrimination because of race, creed, color or national origin is recognized to be a civil right * * * The order to leave must be communicated ‘ by the owner of such premises or other authorized person (Emphasis supplied.)
I find also that there was no unreasonable lapse of time between the warning to stay out, given in July, 1968 to this 15-year-old girl, and the date of September 19, 1968, a period of less than 3 months.
I believe that a department store should and does have the right to keep out of its premises an individual who has previously been involved in acts in these premises leading to convictions of or findings against such individual. This is essential in order to properly protect the person and property of customers of the store.
I find that the respondent was in July, 1968 given a lawful order not to enter the Gertz store by an authorized person; that such order was lawful and based upon the past experiences of the Gertz store with the respondent; that the respondent knowingly entered the Gertz Store on September 19, 1968; that such entry constituted a violation of section 140.10 of article 140 of the Penal Law.
Accordingly, based on the evidence before me, I find that the respondent is a juvenile delinquent. Paroled for investigation and report to January 22, 1969 in Queens County Juvenile Term. /