■ In the Matter of FLORETTE D. (ANONYMOUS), Appellant.— Order of the Family Court, Queens County, dated February 19, 1969, reversed, on the law and the facts, without costs, and petition dismissed. Appellant was adjudicated a juvenile delinquent upon a determination that she had committed an act which, if done by an adult, would constitute criminal trespass in the second degree (Penal Law, § 140.10 [the section has been amended so as to reduce such act to criminal trespass in the third degree, by L. 1969, ch. 341, § 4]). The petition alleged that appellant entered the Gertz Department Store after having been given a lawful order to stay out of the store. In our opinion, the evidence adduced at the fact finding hearing was insufficient to establish that a proper communication had been directed to appellant. While the security director of

the store testified that he told appellant to stay out of the store three months before the act in question, he tacitly admitted that he did not know whether he had spoken to her or her identical twin sister. Under the circumstances, the finding that such an order had been given to appellant could only have been based upon the admissions made by her. The testimony of the security director was that, in response to his inquiry, appellant denied she had been told to stay out of the store and admitted only that he had read the provisions of the applicable statutes to her. A mere reading of the statute without a specific order not to enter the premises is patently insufficient. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.