Angelo Mauceri, J.
The defendants move to dismiss the information on the ground that the offense of section 140.10 of the Penal Law, criminal trespass in the third degree, is not stated in the information.
The information charges the following: “ on the 20th of March, 1970, at Bay Shore, Town of Islip, at about 10:30 in the forenoon of that day, the defendants committed the violation of Criminal Trespass in the third degree by wrongfully, intentionally, knowingly did after being ordered by your deponent, Deputy Commissioner of Social Services Department at 10:15 a.m. on March 19th, 1970, to leave the interior of the Welfare Building on Fourth Avenue, Bay Shore and not return, *179 did on March 20th, 1970 at 10:30 a.m. return to the interior portion of the Welfare Building on Fourth Avenue in Bay Shore. ’ ’
There are no allegations that the defendants caused any disturbance or were intruders or that they were ordered to leave the premises and refused to do so before they were arrested on March 20, 1970. The defendants contend that a continuing order not to enter a public building cannot exist in law and, therefore, the People’s failure to allege a lawful order and the defendants’ refusal on the date in question renders the information effective. The People oppose this contention and cite the following cases: Matter of Florette D. (58 Misc 2d 1093); People v. Brown (25 N Y 2d 374).
The Penal Law section involved, 140.10 (as amd. by L. 1869, ch. 341; formerly “ second degree ”) reads as follows: “ § 140.10 Criminal Trespass in the third degree. A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders.” (Italics supplied.)
We must consider the statute and the facts alleged by the People in this information to decide whether it states a cause of action. The only allegation by the People is that the defendants entered the building after having been ordered to leave at the prior date by the complainant. Their contention is that the second entrance into the public place was a violation of section 140.10 of the Penal Law. Since the information is devoid of any facts which can point to the portion of the statute the People rely upon, the court must consider the entire statute. The People could not be relying upon that portion of the section that makes it unlawful when a defendant knowingly enters a premises which is fenced or otherwise enclosed to exclude intruders. Since this is a public building, not fenced in or enclosed to exclude intruders, that leaves reliance upon that portion of the section that makes it unlawful to remain and not return. Their contention is that a prior direction to leave and not to return gives rise to an “ unlawful remaining ” at a subsequent date. The People cite Matter of Florette D. (supra). It is important that we consider this decision in depth. In this matter a juvenile was told to leave a department store and told not to return in July of 1968 when she had committed some offense in the store. Upon her return in September, 1968 she was seen to commit a petit larceny and was then also charged with criminal trespass. The court decided that she had been properly ordered to leave and not to return on July, 1968 and *180 upon her return in September she committed a violation of criminal trespass. The court decided that the three months which elapsed were not remote in time and that the order not to return to the premises could continue. The court further stated that it is not necessary to have an intent to commit a crime or a violation in the building or premises to be in violation of this particular statute of criminal trespass.
This court feels that there are varying degrees of criminal trespass to be considered. The reason, very candidly, is that there are different types of buildings and each of them has its own status under law. The first of which is a private dwelling ; and there is no question in this court’s mind that if someone had trespassed upon private premises and was ordered by the owner to leave those premises and not to return that it would be a continuing order not to return, since the owner of a private premises can exclude anyone and everyone for any reason whatever and preclude their return. It is well-settled law that a man’s home is his castle and there would be no reason whatever, no lawful reason, for a person excluded to return to the premises whether for good or evil. The second category that we must consider would be a quasi-private building, which in this court’s opinion a department store adequately represents (Matter of Florette D., supra). It is open to the public, but the owners of the store have a right to restrict the people who are allowed into their store. They have rights as owners of property to refuse entry into their building people who have created a disturbance among their customers and employees, and who, by their actions, jeopardized the welfare of the customers in the store. This is an obligation that the owners have to their customers. The court can .see, under these obligations, an owner of a quasi-private building can deny entrance to the premises to someone who has committed a violation at some prior time and consider it a continuing order not to return. This statement of facts falls well within the meaning of Matter of Florette D. (supra). But the third category of buildings that must be considered are public buildings maintained by the public for use by the public on public affairs and business. To say that a member of the public can be excluded from these buildings on a continuing basis, without any other allegations, such as in this complaint, may be stretching this particular statute beyond its intent. The public has a perfect right to enter a public building as long as they do not create a disturbance or remain unlawfully in that building after a lawful order to leave. The statute states that they must remain unlawfully in that building; and there is no allegation by the People that the *181 defendants remained unlawfully in the building. The statute also states that they must knowingly enter a building which is enclosed in a manner to exclude intruders. There is no allegation that these defendants were intruders or that the premises are designated to exclude intruders. In point of fact, the premises are not designed to exclude intruders during the business hours.
In this particular case, without any of these allegations, the defendants ’ mere presence in the building subsequent to a prior refusal to leave cannot be the basis of a charge at this time. To hold otherwise would preclude any entrance for these defendants for lawful purposes to this building and I do not think that this is within the purview of this statute. It would give tremendous power to the complainant herein to exclude everyone solely within his discretion and this cannot be the law because it is dictatorial in nature and no one can be invested with that sole power.
The court feels that if the People had alleged that these defendants created a disturbance at the prior time and were ordered to leave and not to return and then returned and committed the same violation, that would be sufficient; or that they were ordered to leave and refused to leave and these were lawful orders, that would have been sufficient; but these particular informations do not carry either of these allegations.
The gravamen of the Florette D. case (58 Misc 2d 1093, supra) in this court’s opinion, is not that the intent to commit a crime is not necessary, but that the intent to commit a crime, spelled out by the actions of the defendant, gives rise to the criminal intent necessary in this particular statute in knowingly entering a building unlawfully. Without these allegations this information is defective and the demurrer is granted.