OPINION OF THE COURT
Anthony Corso, J.
After a trial before a jury, the defendant was convicted of criminal trespass in the third degree (Penal Law, § 140.10). He now moves to set aside the conviction on the grounds that the *522 People failed to prove a prima facie case and that the verdict is against the weight of the evidence.
The defendant, Lawrence Tuchinsky, was employed by Beth Shalom Center as a cantor. During the early part of 1977, the members of the board of trustees of the temple became dissatisfied with the manner in which the defendant was discharging his duties. Therefore, in April of 1977 the board decided to terminate the cantor’s contract, and the president of the board, Sidney Zucker, transmitted no less than three correspondences to the defendant informing him of the board’s decision and directing him to vacate temple property. Nevertheless, on May 2, 1977, the defendant appeared at the temple to conduct services and refused to leave when ordered to do so by Zucker and Jack Sharnak, a member of the board and counsel for the temple. Upon such refusal, the police were summoned and the defendant was informed that if he failed to restrict himself to the public areas of the temple he would be arrested. Thereupon, the defendant agreed to leave.
On May 4, 1977, the date in question, the defendant returned to the temple to finish instructing a Bas Mitzvah candidate. Again the defendant refused to leave and the police were summoned. After it became apparent that the defendant would not heed the pleas of the police to peaceably leave, he was arrested.
The defendant asserts two grounds for upsetting the jury’s determination: 1) The order to leave was unauthorized since pursuant to section 200 of the Religious Corporations Law the defendant’s contract was improperly terminated, and 2) the People failed to prove the necessary intent to support the conviction.
A conviction for criminal trespass may not be sustained where a defendánt has license or privilege to enter the premises unless he defies a lawful order not to remain (see People v Brown, 25 NY2d 374). The term "lawful” is referable to statutes which limit the authority of property owners to make certain orders (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140, pp 16-17). Thus, an individual who defies an order, which is based on his race or religion, to vacate a motel room would not be guilty of criminal trespass as such an order is prohibited by section 291 of the Executive Law. Here the defendant argues that the order of the board removing him as cantor is simi *523 larly ineffective since such decisions are reserved to the congregation under the Religious Corporations Law and cannot be made by the board. This issue presents a novel question for the court.
Section 200 of the Religious Corporations Law states "The trustees of an incorporated church to which this article is applicable; shall have no power to settle or remove or fix the salary of the minister”. Section 2 of the Religious Corporations Law defines minister as including "[A] duly authorized pastor, rector, priest, rabbi, and a person having authority from, or in accordance with, the rules and regulations of the governing ecclesiastical body of the denomination or order * * * to preside over and direct the spiritual affairs of the church or synagogue.” The defendant contends that he is a minister within the contemplation of these sections and, therefore, the board had no power to remove him. This court does not agree.
It seems clear that the term minister includes only spiritual leaders of the congregation. Section 2 of the Religious Corporations Law defines ministers as those who "preside over and direct the spiritual affairs”. A cantor is not the presiding spiritual leader of the synagogue; rather, his duties consist mainly of leading the congregation in prayer and singing liturgical music during the services (Webster’s Third New International Dictionary, 1964). Furthermore, "rabbi” is included in the definition of minister but cantor is omitted and the court should not by interpolation extend the scope of the section (Greco v Clebourne Apts., 39 Misc 2d 116). Thus, this court concludes that a cantor is not an official whose removal is beyond the power of the board pursuant to section 200 of the Religious Corporations Law. Accordingly, the board’s action was proper and the order to vacate the temple valid.
The court must also reject the defendant’s contention that the People failed to prove the requisite intent. The defendant was informed of the termination of his contract by the president of the congregation personally, and by three correspondences which he admits receiving. Just two days before his arrest, he was informed by the police that his refusal to leave the premises would result in his arrest. Nevertheless, he returned to the temple and refused to leave allegedly because he believed his contract was still in effect. He claims that his belief was founded in part upon advice of counsel whiqh was *524 not based on any interpretation of the Religious Corporations Law.
Although the court did not accept the entirety of the defendant’s requested charge in regard to intent, the jury was instructed that the People must prove beyond a reasonable doubt that the defendant was actually aware that his refusal to leave was unlawful. Thus, the question of whether the defendant actually believed he was privileged to remain was left to the jury. This court can find no reason to upset their determination.
One does not acquire immunity from prosecution for trespass by closing one’s eyes to reality and stubbornly asserting an "honest belief’ to remain where one is not privileged to be; rather, a defense is stated only when one acts in good faith in an honest but mistaken belief that one’s continued occupation of the premises is not unlawful (People v Segal, 78 Misc 2d 944). Obviously, the defendant’s persistent refusal to leave after being so advised by several authorities led the jury to conclude that his actions were not predicated on such an honest belief. Under these circumstances, the court cannot conscientiously hold that the verdict is unsupported by the evidence (see People v Ramos, 33 AD2d 344).
The court is not insensitive to the defendant’s strong religious convictions and righteous fervor which may have contributed substantially to his decision to pursue the course of action which resulted in his conviction. Nevertheless, the court cannot condone the manner in which the defendant sought to vindicate his rights. Instead of seeking redress through the courts (see, e.g., Kupperman v Congregation Nusach Sfard of The Bronx, 39 Misc 2d 107), he chose to prosecute his case via direct confrontation with his adversaries. Such action cannot be tolerated in an ordered society and unfortunately the defendant must now live with the consequences of his decision.
The motion to set aside the conviction is denied.