Harry WARREN and Stephen Nanna, Plaintiffs-Appellants,

v.

Edward BYRNE and John Guldi, Defendants-Appellees.

Cal. No. 41, Docket 82–7240.

United States Court of Appeals, Second Circuit.

Submitted Sept. 13, 1982.

Decided Jan. 25, 1983.

Hyman & Miner, New York City (Steven J. Hyman and Wayne Brody, New York City, on brief), for plaintiffs-appellants.

David J. Gilmartin, Suffolk County Atty., Hauppauge, N.Y. (Chris Termini, Asst. Co. Atty., Hauppauge, N.Y., on brief), for defendants-appellees.

Before LUMBARD, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Harry Warren and Stephen Nanna appeal from a judgment dismissing their complaint after a jury trial before Judge George C. Pratt in the United States District Court for the Eastern District of New York. We affirm.

Appellants sued to recover damages for false arrest[1] and malicious prosecution under New York law and for deprivation of liberty in contravention of 42 U.S.C. § 1983. In 1979, appellees, employees of Suffolk County's Department of Environmental Control, were supervising the construction of a sewer district pumping station. On October 23, 1979, appellants refused to leave the pumping station property when appellee Byrne ordered them to do so. Byrne called the Suffolk County police and, at appellee Guldi's instructions, signed the

---

1. "False arrest and false imprisonment as causes of action are indistinguishable, the only distinction lying in the manner in which they arise." *Houghtaling v. State,* 11 Misc.2d 1049, 1053, 175 N.Y.S.2d 659, 665 (1958).

forms necessary to effect a citizen's arrest for trespass. In the criminal trial which followed, the charges were dismissed at the close of the People's case. This action followed.

The district court submitted the case to the jury by means of special interrogatories. The first interrogatory concerning each appellant was whether that appellant had committed a trespass; the jurors were instructed that an affirmative answer to this question would end their deliberations. This was an expeditious and proper manner in which to proceed, and appellants do not contend otherwise. Appellants' right of recovery under each of their three theories of liability hinged upon their claim that they had a right to go on the pumping station property and to remain there after being ordered to leave. *See Singleton v. City of New York,* 632 F.2d 185, 195 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1386, 67 L.Ed.2d 347 (1981). When the jury found that they had no such right, judgment was entered in favor of the appellees.

■ Appellants' principal contention on appeal is that Judge Pratt erred in permitting relitigation of the question whether appellants had trespassed on sewer district property, appellants' argument being that dismissal of the earlier criminal prosecution was dispositive of this issue. We find no merit in this contention. Under established New York law, a cause of action for false imprisonment arises when the imprisonment terminates. *Boose v. City of Rochester,* 71 A.D.2d 59, 65, 421 N.Y.S.2d 740 (1979); *Schildhaus v. City of New York,* 23 A.D.2d 409, 411, 261 N.Y.S.2d 909 (1965), *aff'd,* 17 N.Y.2d 853, 271 N.Y.S.2d 286, 218 N.E.2d 325, *cert. denied,* 385 U.S. 906, 87 S.Ct. 222, 17 L.Ed.2d 137 (1966). The existence *vel non* of a cause of action must be determined as of that date, not as of the date of subsequent acquittal. *Id.* Almost a century ago, the New York Court of Appeals said that in an "action for false imprisonment the termination of the criminal

proceeding against the plaintiff had no importance...." *Hopner v. McGowan,* 116 N.Y. 405, 410, 22 N.E. 558 (1889). This remains the law today. *See, e.g., Krafft v. State of New York,* 52 Misc.2d 35, 39, 275 N.Y.S.2d 109 (1966); *Barnes v. Bollhorst,* 28 Misc.2d 866, 868, 215 N.Y.S.2d 866 *aff'd,* 14 A.D.2d 774, 219 N.Y.S.2d 916 (1961).

■ Appellants' reliance on the doctrine of collateral estoppel is misplaced. Because appellees were neither parties to the criminal proceeding nor privies of parties, and the rules of law and burdens of proof in the civil and criminal proceedings were substantially different, dismissal of the criminal charges against appellants was not determinative of the issues in this case.[2] *See Matter of Lynch's Builders Restaurant, Inc. v. O'Connell,* 303 N.Y. 408, 410, 103 N.E.2d 531 (1952) (per curiam); *Schindler v. Royal Insurance Co.,* 258 N.Y. 310, 312–13, 179 N.E. 711 (1932); *Herndon v. City of Ithaca,* 43 A.D.2d 634, 635, 349 N.Y.S.2d 227 (1973), *appeal dismissed,* 35 N.Y.2d 956, 365 N.Y. S.2d 176, 324 N.E.2d 555 (1974); *Gottlieb v. Sullivan County Harness Racing Association,* 25 A.D.2d 798, 269 N.Y.S.2d 314 (1966); *Schnitzler v. Casey,* 283 A.D. 1092 (1954). The cases relied upon by appellants are not to the contrary. Neither *Brown v. City of New York,* 80 A.D.2d 596, 436 N.Y.S.2d 37 (1981) nor *Irizarry v. City of New York,* 79 Misc.2d 346, 357 N.Y.S.2d 756 (1974) involved an arrest by a private citizen. The arrests in those cases were made by police officers, and the courts held that "[w]hile the State and the city are distinct legal entities, their interests in the criminal prosecution made one privy to the other." *Id.* at 349, 357 N.Y.S.2d 756. The decision of the New York Court of Appeals in *Morrello v. Saratoga Harness Racing, Inc.,* 53 N.Y.2d 775, 439 N.Y.S.2d 359, 421 N.E.2d 851 (1981), reversing "for reasons stated in the dissenting memorandum" of former Justice Greenblott in the Appellate Division, is equivocal at best, because Justice Greenblott gave two reasons for his dissent, 75 A.D.2d 921, 922–23, 427 N.Y.S.2d 534 (1980).

---

**2.** As to the pendant causes of action, New York law governs on the issue of collateral estoppel. *International Rys. of Central America v. United*

*Brands Co.,* 358 F.Supp. 1363, 1376 (S.D.N.Y. 1973), *aff'd,* 532 F.2d 231 (2d Cir.1976).

Ordinarily, the most capable and experienced members of a prosecuting attorney's staff are not assigned to try misdemeanor trespass cases. Before we are prepared to accept as the law of New York a doctrine which places the financial future of a private person making a citizen's arrest in the hands of any tyro who may be assigned to prosecute unimportant misdemeanor cases, we would require a clearer mandate from the New York courts than is contained in the above opinions.

■ Dismissal of the criminal charges against appellants likewise had no conclusive effect on the issues created by appellants' claim of malicious prosecution. Malicious prosecution is based upon a defendant's alleged lack of probable cause to believe the plaintiff guilty of the crime for which he was prosecuted; and "[f]avorable termination has no bearing whatever in and of itself on want of probable cause...." *Kezer v. Dwelle-Kaiser Co.,* 222 A.D. 350, 356, 225 N.Y.S. 722 (1927). *See Chernes v. Rose,* 180 A.D. 906, 167 N.Y.S. 1092 (1917); *New York Pattern Jury Instructions-Civil* 3:50, Malicious Prosecution, at 805 (1968).

■ The district court's ruling was also correct as applied to the section 1983 claim under collateral estoppel principles. *See Allen v. McCurry,* 449 U.S. 90, 94–96, 101 S.Ct. 411, 414–416, 66 L.Ed.2d 308 (1980); *One Lot Emerald Cut Stones And One Ring v. United States,* 409 U.S. 232–35, 93 S.Ct. 489–92, 34 L.Ed.2d 438 (1972) (per curiam).

■ Appellants' argument that the trial court erroneously took from the jury the issue of whether appellants were lawfully ordered to leave the pumping station premises misconstrues the purport of the New York trespass statute, New York Penal Law § 140.00(5) (McKinney 1975). The term "lawful", as used in the phrase "lawful order not to ... remain", refers to the laws which preclude property owners from excluding persons from private or quasi-public property for reasons such as race, creed, color, national origin, or religion. *People v. Tuchinsky,* 100 Misc.2d 521, 522, 419 N.Y.S.2d 843 (1979); *Matter of Florette*

*D,* 58 Misc.2d 1093, 1097, 296 N.Y.S.2d 825 (1968), *rev'd on other grounds,* 33 A.D.2d 1028, 308 N.Y.S.2d 262 (1970); *see People v. Licata,* 28 N.Y.2d 113, 115, 320 N.Y.S.2d 53, 268 N.E.2d 787 (1971). Appellants make no contention that the order directing them to leave was of such a character. There was therefore no issue of "lawfulness" for the jury to decide.

■ Appellants' final argument is that the district court erred in instructing the jury that appellees had the burden of proving appellants guilty of trespass by only a preponderance of the evidence. In their written requests to charge, appellants asked the district court to instruct the jurors that the criminal court's dismissal of the charges of trespass conclusively established their innocence. The district court correctly refused this request. At the conclusion of the charge, appellants' counsel orally requested the court to charge that appellees had the burden of proving appellants guilty of trespass "beyond a reasonable doubt". This, too, was refused. Appellants now contend that the "clear and convincing evidence" burden of proof should have been charged.

Assuming that appellants have the right to make this contention at the present stage in the litigation, *see Savard v. Marine Contracting, Inc.,* 471 F.2d 536, 540 (2d Cir. 1972), *cert. denied,* 412 U.S. 943, 93 S.Ct. 2778, 37 L.Ed.2d 404 (1973), we find no error in the charge as given. "The burden which defendant must meet is not, however, proof beyond a reasonable doubt, but simply by a preponderance of the evidence...." *New York Pattern Jury Instructions-Civil,* 3:5, False Imprisonment, at 614 (1968). *See Greene v. Fankhauser,* 137 A.D. 124, 129, 121 N.Y.S. 1004 (1910); *Scanlon v. Flynn,* 465 F.Supp. 32, 39 (S.D.N.Y. 1979).

The judgment of the district court is affirmed.