Nicholas TARTAGLIONE,
Plaintiff–Appellant,

v.

Joseph PUGLIESE; Ronald Trainham; Lawrence Adamitis; the Village of Briarcliff Manor, Police Department; Village of Briarcliff Manor NY; Michael Alan Hughes; Jeanine Pirro, District Attorney; the Westchester County District Attorneys Office, County of Westchester, Defendants–Appellees.

No. 02–9414.

United States Court of Appeals,
Second Circuit.

March 11, 2004.

Donald Feerick, Jr., New York, NY, for Appellant.

Michael A. Miranda, Mineola, NY, for Appellees Joseph Pugliese, Ronald Trainam, Lawrence Adamitis, The Village of Briarcliff Manor, Police Department, and the Village of Briarcliff Manor, NY.

Charlene M. Indelicato, White Plains, NY, for Appellees Michael Alan Hughes, Jeanine Pirro, District Attorney, The Westchester County District Attorney's Office, and the County of Westchester.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Nicholas Tartaglione ("Tartaglione"), a police officer suspended by the Village of Briarcliff Manor, New York (the "Village"), appeals from a final judgment of the District Court for the Southern District of New York dismissing his claims for false arrest, malicious prosecution and conspiracy brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The district court granted summary judgment in favor of Tartaglione's alleged constitutional tortfeasors on several grounds. We affirm on the ground, relied upon by Judge Baer, that Tartaglione's arrest and

prosecution for perjury and official misconduct were supported by probable cause. Familiarity is assumed with respect to the facts, procedural context, and the specification of appellate issues.

Section 1983 claims for malicious prosecution and false arrest incorporate the elements of those torts under the relevant state law. *See, e.g., Fulton v. Robinson,* 289 F.3d 188, 195 (2d Cir.2002) (malicious prosecution); *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) (false arrest). Probable cause is an absolute defense to false arrest, *see Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995), and defeats a claim for malicious prosecution, *see Fulton,* 289 F.3d at 195 (2d Cir.2002).

We agree with Judge Baer that Tartaglione's arrest and prosecution for perjury and official misconduct were supported by probable cause—a finding unaffected by his subsequent acquittal, *see, e.g., Warren v. Byrne,* 699 F.2d 95, 98 (2d Cir.1983). Tartaglione was arrested and prosecuted for perjuring himself at a license suspension hearing for John Marino ("Marino"), whom Tartaglione arrested for driving while intoxicated. Under New York law, police must request that a detainee suspected of drunk driving submit voluntarily to a chemical sobriety test, with a warning that failure to consent entails an automatic license suspension. A refusal to consent does not result in suspension unless the driver is so warned.

Tartaglione, who was expected to testify that he had administered the chemical-test-refusal warning to Marino, testified instead that he "really [could] not recall" whether he had done so, and Marino kept his license. Prior to Tartaglione's arrest, substantial evidence indicated that he had perjured himself, including: (i) paperwork filled out and signed by Tartaglione on the night he arrested Marino strongly suggesting that Tartaglione had administered the chemical-test-refusal warning; (ii) tape re-cordings of Tartaglione's conversations with fellow officers one day before the hearing in which he indicated that he had administered the warning, but that he did not want to testify because Marino was a friend of a fellow officer; and (iii) affidavits and interviews of relevant witnesses. The record is sufficient "to warrant a person of reasonable caution in the belief" that Tartaglione had committed perjury and official misconduct at the time he was arrested and at the time of trial, *Singer,* 63 F.3d at 119 (internal quotation marks omitted); thus, his § 1983 and other federal claims necessarily fail.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**