■ DONALD BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. — In an action to recover damages, *inter alia,* for false arrest, plaintiff appeals (1) from an order of the Supreme Court, Queens County, dated January 2, 1980, which denied his motion (a) to dismiss the affirmative defense of probable cause, (b) for summary judgment as to liability on the causes of action for false arrest, false imprisonment and assault, and (c) for a trial on the issue of damages, and (2) as limited by his brief, from so much of a further order of the same court, dated May 12, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated January 2, 1980 dismissed as academic, without costs or disbursements. Said order was superseded by the order granting reargument. Order dated May 12, 1980 reversed insofar as appealed from, on the law, without costs or disbursements, order dated January 2, 1980 vacated and plaintiff's motion is granted; the affirmative defense is dismissed and summary judgment is granted plaintiff as to liability on the causes of action for false arrest, false imprisonment, and assault. The matter is remitted to the Supreme Court, Queens County, for a determination as to damages in accordance herewith. The instant action stems from an arrest of plaintiff by the defendant police officers. Plaintiff was charged with possession of a weapon, menacing and resisting arrest. The first two charges were dismissed on the prosecution's own motion. The resisting arrest charge was dismissed by the court at a nonjury trial, after the People's case, for failure to establish a prima facie case. The court determined that the People failed to establish, as an element of the offense, that there was a lawful arrest, that is, that there was probable cause for the arrest. In moving for dismissal of the affirmative defense and for summary judgment in the instant action for false arrest, false imprisonment, assault and malicious prosecution, plaintiff sought to apply the doctrine of collateral estoppel to the issue of probable cause. Special Term determined that the doctrine should not apply. We hold that it should. It is well settled that to invoke the doctrine of collateral estoppel, " 'There must be [1] an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and *** [2] a full and fair opportunity to contest the decision now said to be controlling' " *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Read v Sacco,* 49 AD2d 471, 473). In the case at bar, the (criminal) trial court determined that the People failed to prove prima facie that there was a lawful arrest. Such a determination does not involve the standard of "beyond a reasonable doubt", as defendants argue. Rather it was a determination based on a standard that is not disparate from the civil standard. As such, there is an identity of issue, the decision on which is decisive of the issue in the present action. Defendants' further assertion that they did not have a full and fair opportunity to contest the decision is similarly without merit. While the State and the city are distinct legal entities, their interests in the criminal prosecution made one privy to the other. The defendants, through the State, had a full and fair opportunity to litigate the issue of probable cause in the criminal proceeding (see *Irizarry v City of New York,* 79 Misc 2d 346). The alleged incompetence of the District Attorney's office does not prevent the application of collateral estoppel, as it was "in no way, motivationally or procedurally, restricted or inhibited in the presentation of [its] position" *(Malloy v Trombley,* 50 NY2d 46, 52; see, also, Siegel, New York Practice, §

458). In view of the application of collateral estoppel to the issue of probable cause, and the failure of defendants to establish any other triable issue of fact, summary judgment on liability should be granted in favor of plaintiffs as to the causes of action for false arrest, false imprisonment, and assault. The amount of damages on these causes of action is to be determined at a trial. Hopkins, J.P., Titone, Mangano and Gibbons, JJ., concur.