**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**James R. HOEHL, Defendant-Appellant.**

No. 78–590.

Colorado Court of Appeals, Div. III.

Dec. 18, 1980.

As Modified on Denial of Rehearing Feb. 19, 1981.

**1084**

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Sarah Scott Sammons, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Kelly, Haglund, Garnsey, Kahn & Donnell, Norman D. Haglund, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, James R. Hoehl, appeals his conviction of the offense of intentional and knowing child abuse as proscribed by § 18–6–401, C.R.S.1973. Because he had been acquitted of the companion charge of first degree assault at a previous trial Hoehl asserts in this appeal that the doctrine of collateral estoppel precludes his conviction on the child abuse charge. He also argues that the court erred in rejecting his theory of the case instruction which explained the law regarding the culpable mental state necessary to commit the offense of knowing child abuse. We affirm.

Hoehl was babysitting the four-year-old daughter of a friend on the evening of February 26, 1975. He drove the child around town for several hours in a cold car as a result of which the lightly clad child became tired and cold. When they arrived at Hoehl's house he told her to place her hands on a radiator, assisted her in so doing, and afterwards, when the child was getting ready for bed, he discovered what was later diagnosed to be second and third degree burns on both hands.

At the previous trial Hoehl was charged with first degree assault as well as child abuse. He was acquitted of the former and found guilty of the latter. His conviction was set aside on appeal to the Supreme Court, *People v. Hoehl*, 193 Colo. 557, 568 P.2d 484 (1977). There he had contended that the child abuse statute was so impermissibly vague as to be unconstitutional. The Supreme Court interpreted the statute to be constitutional, but reversed the conviction and remanded the cause for a new trial because the jury had been improperly instructed as to the meaning of the language of the statute.

I.

Hoehl's first contention of error is predicated on the fact that at the first trial, while the jury found him guilty of knowing child abuse, it acquitted him of assault. He argues that the only substantial issue of fact in the first trial on the assault charge was whether he had forcibly inflicted the burns by holding the child's hands against the radiator, and that the acquittal of assault showed that the jury rejected the theory. This being an issue of ultimate fact, he asserts, the doctrine of collateral estoppel should have precluded his retrial on the child abuse charge. We do not agree.

■ The doctrine of collateral estoppel, a principle of constitutional dimensions under both state and federal law, precludes relitigation between the same parties of facts put at issue and necessarily determined at a previous trial. *U.S.Const. Amend. V; Colo. Const., Art. II, Sec. 18; Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *People v. Horvat*, 186 Colo. 202, 527 P.2d 47 (1970). Reprosecution in a second proceeding is barred if an issue previously decided in defendant's favor is essential to the case against him in the later proceeding. *Ashe v. Swenson, supra; People v. Kernanen*, 178 Colo. 234, 497 P.2d 8 (1972).

■ We do not view the jury's finding of not guilty on the assault charge as necessarily constituting a conclusive determination regarding all of the factual issues in dispute at that trial. The acquittal was based on a general verdict, thus necessitating a deter-

mination as to "whether a rational jury could have grounded its verdict on an issue other than the one defendant seeks to foreclose from consideration." *Ashe v. Swenson, supra.*

In the first proceeding, a jury could reasonably have reached a verdict of not guilty of assault by resolving only one fact: that Hoehl lacked the requisite specific intent to cause serious bodily injury to the child. *See* § 18–3–202(1)(a), C.R.S.1973. A determination of how the burns were incurred was not essential to a finding that Hoehl's acts, whatever they may have been, were not calculated to cause injury. Consequently, the jury's verdict was not necessarily conclusive with respect to the remaining facts at issue.

Thus, reprosecution for knowing child abuse was proper. This case is not like *Ashe v. Swenson, supra,* where collateral estoppel barred retrial on the issue of defendant's identification, an issue necessarily resolved in defendant's favor at his first trial, because a finding that defendant had committed the crime was essential to the conviction in the second proceeding. Here, a finding that Hoehl did not act intentionally does not bar reprosecution because specific intent to cause serious injury is not an ultimate fact essential to proof of knowing child abuse. Rather, conduct that is not intentional, but is either done "knowingly" or "negligently" may suffice to sustain a child abuse conviction.

■ Hoehl contends here, as he did below in a motion *in limine,* that if collateral estoppel bars relitigation of intentional child abuse, prosecution on the theory of "forcible infliction of injuries" is necessarily precluded. We do not agree that application of the test set out in *Ashe v. Swenson, supra,* compels this result. In our view, "forcible infliction of injuries" describes Hoehl's conduct rather than his state of mind. Accordingly, a jury's determination that Hoehl did not intend to injure the child does not necessarily imply a finding that he did not use force to hold her hands against the radiator. Moreover, Hoehl could be found guilty of knowing child abuse if he knowingly placed the girl in a dangerous situation by leaving the room when her hands were on the radiator, even if he did not forcibly hold them there.

## II.

■ We also find no error in the trial court's failure to give Hoehl's tendered theory of the case instruction. He argues, in this regard, that the jury was left with an erroneous impression regarding the culpable mental state necessary to commit "knowing" child abuse and that his tendered instruction would have clarified the issue by explaining what conscious conduct was necessary to constitute the crime. We conclude that, while it would not have been error to have given defendant's second tendered "theory of the case" instruction, nevertheless, the trial court did not commit reversible error in rejecting that instruction.

The instructions that were given to the jury were adequate to instruct it on the issues in this case, including the definition and application of the term "knowingly." Thus, the jury having been properly instructed, there was no error. *See People v. Montoya,* Colo.App., 616 P.2d 156 (1980).

The judgment is affirmed.

ENOCH, C. J., and KIRSHBAUM, J., concur.