**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellant,**

v.

**Mitchell B. MASON, individually and Mitch Mason, d/b/a On-Line Computer Center, Defendants-Appellees.**

**No. 83CA1363.**

Colorado Court of Appeals, Div. III.

Nov. 8, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Denied March 18, 1985.

The Law Firm of Justin R. Melat, Edward J. LaBarre, Colorado Springs, for plaintiff-appellant.

Tegtmeier & Sears, P.C., Benjamin S. Waxman, Richard L. Tegtmeier, Colorado Springs, for defendants-appellees.

METZGER, Judge.

Plaintiff, State Farm Fire & Casualty Company (State Farm), appeals the summary judgment entered in favor of defendant, Mitchell B. Mason, individually and d/b/a On-Line Computer Center (Mason). We reverse and remand for further proceedings.

On July 5, 1982, Mason notified State Farm that a fire had occurred at his business. Subsequent investigation revealed that the fire was an act of arson. State Farm refused to pay fire insurance benefits to Mason and, on February 3, 1983, filed a petition for declaratory judgment to have its right to refuse payment adjudicated.

On July 18, 1983, more than a year after the fire, but prior to trial in the declaratory judgment action, the district attorney charged Mason with first and third-degree arson. After a preliminary hearing, the trial court dismissed the criminal action, finding that the district attorney had failed to present sufficient evidence to show probable cause.

Thereafter, hearings on the declaratory judgment action commenced, and the trial court, with a different judge presiding, granted Mason's motion for summary judgment, based on collateral estoppel. The court found that State Farm had acted as alter ego to the district attorney in the criminal action by supplying witnesses, transcripts of depositions, financial records obtained from Mason, and an audit it had completed of Mason's business, and by vigorously encouraging prosecution over the course of a year.

State Farm contends that the granting of Mason's motion for summary judgment was error. We agree.

Collateral estoppel prevents relitigation between the same parties of an issue

of ultimate fact once determined by a valid and final judgment. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *People v. Hoehl,* 629 P.2d 1083 (Colo.App.1980).

■ The elements of the doctrine of collateral estoppel are enunciated in *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973), as follows: 1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? 2) Was there a final judgment on the merits? 3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And 4) did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?

■ Applying these criteria to the facts in this case, we conclude that, while the first two have been fulfilled, two remain unsatisfied. The third *Pomeroy* requirement, that privity must exist between State Farm and the State of Colorado, has not been met. A privy is one who is "directly interested in the subject matter, and had a right to make a defense, or to control the proceeding, and to appeal from the judgment." *Bernhard v. Bank of America National Trust & Savings Ass'n,* 19 Cal.2d 807, 122 P.2d 892 (1942) (adopted in *Murphy v. Northern Colorado Grain Co.,* 30 Colo.App. 21, 488 P.2d 103 (1971) and cited with approval in *Pomeroy v. Waitkus, supra* ).

Here, the criminal action was instituted by the district attorney, who cannot be said to "represent" State Farm and its interests, except as a general representative of the interests of the people of the State of Colorado. As our supreme court held in *People v. Dennis,* 164 Colo. 163, 433 P.2d 339 (1967):

"Prosecution for an alleged crime is a litigation in which the People of the State of Colorado is the plaintiff and its representative is the District Attorney. The complaining witness, or the victim of the crime, has no control over the case, since he is not a party to it. He can neither require prosecution of the case, nor can he require its dismissal. . . ."

*See also* § 16–5–205, C.R.S. (1978 Repl.Vol. 8). Thus, as we noted in *People v. Lucero,* 623 P.2d 424 (Colo.App.1980), "[w]hile a victim's wishes occasionally may color the District Attorney's decision, manifestly they do not control it."

Although State Farm concededly had a substantial interest in the outcome of the criminal action, the record indicates it had no control over the preliminary hearing. Indeed, its attorneys made no attempt to participate in or to advise the district attorney during the preliminary hearing. State Farm's attorneys could not examine witnesses or present argument. State Farm supplied its entire file to the district attorney; however, the Arson Reporting Information Act, § 10–4–1001, et seq., C.R.S. (1984 Cum.Supp.) mandated that this be done.

■ Moreover, we note that the district attorney did not appeal the dismissal of the charges against Mason after the preliminary hearing. State Farm could not have appealed this decision as a matter of law, since it had no standing to do so. Thus, we adopt the view set out in *Restatement (Second) of Judgments* § 28 (1982) that relitigation of the same issue in a subsequent action between the parties is not precluded if the party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.

Mason's reliance on *Brown v. City of New York,* 80 A.D.2d 596, 436 N.Y.S.2d 37 (1981) and *Irizarry v. City of New York,* 79 Misc.2d 346, 357 N.Y.S.2d 756 (1974) in support of his contention that collateral estoppel applies here, is misplaced. Unlike the facts here, both *Brown* and *Irizarry* dealt with the application of collateral estoppel to civil cases involving only governmental entities, not private interests. While a state and a city are distinct legal entities, their interests in the criminal prosecution in those cases made one privy to the other. *Warren v. Byrne,* 699 F.2d 95 (2d Cir.1983).

Here, in order to conclude that privity between the district attorney and State Farm existed, we would have to assume that the decision to charge Mason was made by State Farm, not by the district attorney. We refused to adopt that view, since it finds no support in either the record or in the law.

Further, the fourth *Pomeroy* element, requiring that collateral estoppel be applied only when a party against whom the plea is asserted has had a full and fair opportunity to litigate the issue in a prior adjudication, also remains unsatisfied. As previously noted, State Farm could not present argument, examine witnesses, nor appeal the trial court's dismissal of the criminal charges. Moreover, the record indicates that State Farm subpoenaed twenty witnesses for the declaratory judgment action, only two of whom testified at the preliminary hearing, and that its main investigator did not testify at the preliminary hearing. Additionally, we note that the district attorney could not have called Mason, the defendant, as a witness at the preliminary hearing, and that Mason chose not to testify at the preliminary hearing. In a civil action, State Farm could have at least called Mason as a witness. *Asplin v. Mueller*, 687 P.2d 1329 (Colo.App.1984).

Mason asserts that State Farm's witnesses would have provided testimony that was immaterial, cumulative, or that constituted inadmissible hearsay. We find this speculation to be unpersuasive. State Farm deserves the opportunity to present its case.

While we acknowledge the need for finality and consistency in our system, judicial economy must not operate to deprive a party of an actual opportunity to be heard. *Pomeroy v. Waitkus, supra.* State Farm has not had its day in court.

The summary judgment is reversed, and the cause is remanded for further proceedings.

BERMAN, J., concurs.

BABCOCK, J., dissents.

BABCOCK, Judge, dissenting.

I respectfully dissent.

Central to the application of the doctrine of collateral estoppel here is resolution of the issue whether privity exists between the El Paso County Prosecutor and the State Farm Insurance Company. The circumstances of this case warrant fully the trial court's conclusion as to this issue and its application of the doctrine of collateral estoppel against State Farm.

"Privity for estoppel purposes is a creature of *particular circumstances* which may be described by a variety of terms including 'substantial identity' ... and status as a 'virtual representative' ... Whatever the label, *the fundamental issue is whether the party against whom estoppel is asserted has a sufficient identity of interests* with the losing litigant in the prior suit to make the assertion of judicial finality consistent with fairness to all litigants involved. *The question is factual and one of substance not form.*"

*Church of Scientology v. Linberg*, 529 F.Supp. 945 (C.D.Calif.1981) (emphasis added); *see Expert Electric, Inc. v. Levine*, 554 F.2d 1227 (2d Cir.1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977); *People v. Tynan* (Colo.App. No. 83CA0590, November 8, 1984).

"One who prosecutes or defends a suit in the name of another to establish and protect his own right, or who *assists in the prosecution* or defense *of an action in aid of some interest of his own* is as much bound as he would be if he had been a party to the record."

*Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (emphasis added). Identity of interest between the parties is the linchpin upon which privity is determined as an element of collateral estoppel. *See Waitkus v. Pomeroy*, 31 Colo.App. 396, 506 P.2d 392 (1972), *rev'd on other grounds, Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

The majority cites *Bernhard v. Bank of America National Trust & Savings Ass'n,*

19 Cal.2d 807, 122 P.2d 892 (1942) for the definition of a privy as one who is "directly interested in the subject matter, *and had a right to make a defense, or to control the proceeding, and to appeal from the judgment."* (emphasis added) This definition is overly rigid in that the emphasized language implies that for one to be a privy one must have been subject to joinder as a party in the first action. While *Bernhard* was cited in *Pomeroy v. Waitkus, supra,* privity was not there an issue.

Moreover, *Bernhard* was cited in *Murphy v. Northern Colorado Grain Co., Inc.,* 30 Colo.App. 21, 488 P.2d 103 (1971) relative to who may assert a plea of res judicata against whom. It was held that res judicata could be asserted by defendant in the later action against plaintiff, who had lost the identical issue as defendant in the earlier action, even though defendant in the later action was neither a party to or in privity with a party to the earlier action. Hence, any definition of privity in *Murphy* is pure dictum.

"Courts are no longer bound by rigid definitions of parties or their privies for purposes of applying collateral estoppel or res judicata." *United States v. ITT Rayonier, Inc.,* 627 F.2d 996 (9th Cir.1980). Thus, focus should be on the identity of interest between the first party litigant and the third party against whom the doctrine is asserted in light of the nature and degree of that third party's participation in the prior action. *See Montana v. United States, supra; United States v. ITT Rayonier, Inc., supra;* Restatement (Second) of Judgments § 39.

Here, over the course of a year State Farm vigorously sought and eventually obtained Mason's prosecution. State Farm supplied the prosecution with its witnesses, transcripts of depositions obtained in this action (including that of defendant), financial records supplied by Mason during discovery, and an audit of Mason's business. Defendant did not assert his Fifth Amendment privilege against self-incrimination in this case, and this evidence was available to the prosecution and admissible at the pre-

liminary hearing. State Farm's attorney in this case advised the trial court of State Farm's desire to seek Mason's prosecution. On one occasion the prosecutor appeared before the trial court to assist in the coordination of this action with prosecution in the criminal case. It is evident that State Farm sought Mason's conviction of the arson charge before bringing this case to conclusion.

The majority concedes that State Farm had a substantial interest in the outcome of the criminal action, but asserts that the district attorney does not "represent" State Farm and its interests. On the contrary, Mason's conviction in the criminal case would have been conclusive in favor of State Farm in this action. Restatement (Second) of Judgments § 85, comment e (1980); *see North River Insurance Co. v. Militello,* 100 Colo. 343, 67 P.2d 625 (1937).

It is obvious that State Farm could not as a matter of law compel the filing of charges or "conduct" the preliminary hearing in the criminal case. However, to say that State Farm had no de jure control over the prosecution misses the mark because as a matter of fact, but for State Farm, criminal arson charges would not have been filed against Mason. And, the prosecution substantially relied upon State Farm's work product as the basis for its case at preliminary hearing. Thus, although not a party, State Farm plainly had a sufficient "laboring oar" in the conduct of the criminal action to actuate principles of collateral estoppel. *Montana v. United States, supra.* The trial court's finding of privity is supported by the record and is binding on appeal. *People v. Tynan, supra.*

The general rule is that where judgment of acquittal has entered for defendant, the difference in relative burdens of proof between the criminal and civil actions precludes the application of the doctrine of collateral estoppel in the civil case. *United States v. One Assortment of 89 Firearms,* —— U.S. ——, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); Restatement (Second) of Judgments § 85, comment g (1980). This is so because the judgment of acquittal in the

criminal action does not negate the possibility that the matter there in issue may be established by a preponderance of the evidence in the civil case. *See United States v. One Assortment of 89 Firearms, supra.* Moreover, the government does not ordinarily have a right of meaningful appellate review from a criminal judgment of acquittal. *See* Restatement (Second) of Judgments § 85, comment g (1980). "Hence, it would be a rare case in which an acquittal could result in preclusion against the government [or its privy] in a subsequent civil action." Restatement (Second) of Judgments § 85, comment g (1980). The rare exception exists in this case.

Mason was not acquitted upon a failure of the prosecution to prove that he had committed arson beyond a reasonable doubt. Rather the charges were "dismissed" because the prosecution could not establish probable cause to believe that Mason had committed the arson.

At preliminary hearing the trial court considers the evidence in the light most favorable to the prosecution. *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975). Probable cause is established on "evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant *may* have committed the crimes charged." *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977) (emphasis added). And, at preliminary hearing the trial court is not bound by rigid rules of evidence. *See People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). Thus, the prosecution's burden at the preliminary hearing is substantially less than that of a preponderance of the evidence. Moreover, the People have a right to appeal dismissal of charges following preliminary hearing and seek their reinstatement. *See* C.A.R. 21(a); *People v. Root,* 650 P.2d 562 (Colo.1982); *People ex rel. Leidner v. District Court,* 198 Colo. 204, 597 P.2d 1040 (1979).

State Farm, as the prosecution's privy, could not establish "probable cause" to believe that Mason had committed the arson. Therefore, the dismissal, which was not appealed, became final and conclusive in favor of Mason against State Farm in this declaratory judgment action.

I would hold that State Farm's identity of interest with the prosecution in the criminal action, in light of the degree of its participation therein, made State Farm a privy of the prosecution. There is, thus, an identity of interest and issues in both the criminal and civil action, and State Farm, through the state, thereby had a full and fair opportunity to litigate those issues in the criminal proceeding. *See People v. Tynan, supra.*

The majority attempts to distinguish the supporting cases of *Brown v. City of New York,* 80 A.D.2d 596, 436 N.Y.S.2d 37 (1981) and *Irizarry v. City of New York,* 79 Misc.2d 346, 357 N.Y.S.2d 756 (1974). However, the supposed distinction that the privys there were separate "governmental entities" is without significance because regardless of the nature of the "entity":

"To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

*Montana v. United States, supra.*

Hence, I would affirm the trial court judgment.

BERMAN, J., concurs.

BABCOCK, J., dissents.