Eileen M. THOURNIR,
Plaintiff-Appellant,

v.

Natalie MEYER, Secretary of State for the State of Colorado; State of Colorado, Defendants-Appellees.

No. 85–1985.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1986.

David H. Miller, of The American Civil Liberties Foundation of Colorado, Inc., Denver, Colo., for plaintiff-appellant.

Cheryl J. Hanson, Asst. Atty. Gen. (Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., with her on the brief), General Legal Services Section, Denver, Colo., for defendants-appellees.

Before LOGAN and SEYMOUR, Circuit Judges, and BROWN, District Judge.*

SEYMOUR, Circuit Judge.

Eileen M. Thournir sued the Colorado Secretary of State under 42 U.S.C. § 1983 (1982), challenging a Colorado statute that requires a person wishing to run as an unaffiliated candidate to be registered in Colorado as an unaffiliated voter for at least one year prior to filing a nominating petition. *See* Colo.Rev.Stat. § 1–4–801(1)(i) (1973). Thournir alleges that the statute violates Article I, section 2 of the United States Constitution as well as the First and Fourteenth Amendments. She sought a preliminary injunction ordering her name placed on the ballot for the November 1982 general election. The district court denied her request and she filed an interlocutory appeal. We dismissed, ruling that the preliminary injunction issue was moot. See *Thournir v. Buchanan*, 710 F.2d 1461 (10th Cir.1983) (*Thournir I* ). Subsequently, both parties moved in district court for summary judgment on the merits. The district court ruled in favor of the Secretary, concluding that Thournir was precluded by a prior state court judgment from challenging the constitutionality of the Colorado statute. Thournir appeals and we reverse.

The facts pertinent to the preclusion issue are undisputed. Although Thournir moved to Colorado in February, 1981, she did not register as an unaffiliated voter until early July, 1982. On August 19, 1982, Thournir filed nominating petitions as an unaffiliated candidate for Congress with the Colorado Secretary of State. The Secretary notified Thournir that day that her petitions were in apparent compliance with the applicable statutes. The Secretary subsequently discovered that Thournir was in violation of the one-year registration requirement and instituted a state court action under Colo.Rev.Stat. § 1–1–112 (1973) to have her declared ineligible. Thournir was served in that proceeding on September 29, 1982. She did not raise the constitutional issue in her answer. A hearing was held the next day, but we do not have a transcript of any oral argument. That same day the state court judge upheld the constitutionality of the one-year requirement on the basis of *In re Weber*, 180 Colo. 61, 525 P.2d 465 (1974), and ruled from the bench in favor of the Secretary of State. The judge stayed the effect of his ruling until noon the next day to allow Thournir to petition the Colorado Supreme Court for review. Thournir's application for review was filed with, and rejected by, the state Supreme Court on October 1, 1982.

In the instant appeal, Thournir contends that preclusion should not apply because, due to the brief period between the filing of the state case and its disposition on appeal, she did not have a full and fair opportunity to litigate the constitutional claim in the state proceeding.[1] We agree.

Under 28 U.S.C. § 1738 (1982), the federal courts must give the same full faith and credit to state judicial proceedings "as they have by law or usage in the courts of such State ... from which they are taken." The Supreme Court has held "that § 1738 requires a federal court to look first to state preclusion law in determining the preclusive effects of a state court judgment." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985).

---

* Honorable Wesley E. Brown, District Judge, District of Kansas, sitting by designation.

1. Thournir also contends that a state proceeding under Colo.Rev.Stat. § 1–1–112 (1973) is limited in scope to determining compliance with the state election code, and that the state court therefore should not have ruled on the constitutionality of the state one-year registration requirement. Because we decide the preclusion issue on other grounds, we do not consider this argument.

In *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973), the Colorado Supreme Court discussed the doctrines of res judicata and collateral estoppel, and set out a four-part test for determining whether these doctrines may be invoked:

"First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And, fourth, *did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?*"

*Id.* 517 P.2d at 399 (emphasis added). In cases decided after *Pomeroy,* the Colorado courts have denied preclusive effect to a prior judgment upon a determination that the party against whom the bar is sought did not have a full and fair opportunity to litigate. See *People ex rel. Danielson v. Amity Mutual Irrigation Co.,* 668 P.2d 1368, 1370 n. 3 (Colo.1983); *State Farm Fire & Casualty Co. v. Mason,* 697 P.2d 793, 796 (Colo.Ct.App.1984); *see also Rodriguez v. Bar-S Food Co.,* 567 F.Supp. 1241, 1245–46 (D.Colo.1983) (preclusive effect not given under Colorado law in absence of full and fair opportunity to litigate).

We believe the brevity of the state court action denied Thournir the full and fair opportunity required under Colorado law to litigate the constitutional issue. We agree with the federal district court that an expedited procedure was called for by the practical necessity of resolving Thournir's eligibility in time to prepare the election ballots. However, the need for haste does not alter the fact that one-day's notice did not provide Thournir sufficient time to prepare, particularly given her status as an involuntary defendant. *See F. Buddie Contracting, Inc. v. Seawright,* 595 F.Supp. 422, 443 (N.D.Ohio 1984) (plaintiffs who had only seventeen days between filing of their action and hearing in which to prepare their case did not have adequate opportunity to obtain full and fair hearing). Moreover, as we pointed out in *Thournir I,*

"[t]his case presents an important and difficult question of constitutional law: whether Colorado imposes an unconstitutional qualification for eligibility to run for office in the United States Congress. As the trial court aptly noted, the law pertinent to the merits is anything but settled; indeed, the case presents issues of a most delicate and subtle nature. These thornier issues should not be determined without thorough preparation and deliberation by the parties and the trial court."

710 F.2d at 1465. The summary treatment of the constitutional question by the parties, the state trial judge, and the state Supreme Court supports our conclusion that Thournir did not have a full and fair opportunity to litigate this important and complex issue during the four-day life of the state court action.

Accordingly, we conclude that Thournir's action is not precluded. We reverse the judgment of the district court and remand for further proceedings.