■ RADHA KALRA, Appellant-Respondent, v RAMESH KALRA, Respondent-Appellant.—In an action to recover damages for personal injuries, the plaintiff wife appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), entered December 12, 1986, as granted the motion of the defendant husband for summary judgment and dismissed the complaint. The defendant husband appeals (1) from so much of an order of the same court, dated February 13, 1987, as denied his motion for leave to enter a default judgment on his counterclaim and granted that branch of the plaintiff's cross motion which was to direct the unsealing of the records of prior Criminal Court proceedings between the parties, and (2) from so much of an order of the same court, dated March 30, 1988, as denied his motion for summary judgment on his counterclaim. The appeals were consolidated by order of this court, dated June 23, 1988.

Ordered that the order entered December 12, 1986, is re-

versed insofar as appealed from, the defendant's motion is denied and the complaint is reinstated; and it is further,

Ordered that the order dated February 13, 1987, and the order dated March 30, 1988, are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff wife commenced this action to recover damages for personal injuries on the theories of assault and battery. She alleged that the defendant husband physically assaulted her and caused her to sustain personal injuries. The defendant husband, proceeding *pro se,* served a verified answer and counterclaim in which he denied his wife's allegations and asserted, *inter alia,* the affirmative defense of res judicata, in that the issues raised by the wife in her complaint in this action were the subject of a prior Criminal Court proceeding against him which had been dismissed. The defendant asserted a counterclaim for personal injuries caused by the assaultive conduct of the plaintiff wife.

The defendant moved for summary judgment dismissing the complaint on the ground that the prior dismissal in the Criminal Court proceeding precluded the bringing of this action. By order entered December 12, 1986, the Supreme Court granted summary judgment to the defendant on the ground of the res judicata effect of the prior Criminal Court proceeding. We disagree and reinstate the plaintiff's complaint.

The Supreme Court erred in dismissing the plaintiff's complaint on the basis of the collateral estoppel effect of the prior criminal action against the defendant. In extending collateral estoppel effect to a previous judgment, "[w]hat is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500). A dismissal of a criminal charge or an acquittal does not generally constitute collateral estoppel in relation to a civil action because of the difference in the burden of proof to establish the factual issues. At best, the dismissal in the criminal proceeding "rests upon a failure of proof beyond a reasonable doubt and is not a conclusive finding of innocence or nonparticipation in the underlying acts charged" *(Matter of Perry v Blair,* 64 AD2d 870, 871; *see also, Helvering v Mitchell,* 303 US 391, 397; *cf., Brown v City of New York,* 80 AD2d 596).

In effect, even if on the merits, the dismissal in the criminal proceeding means that the People failed to establish the

criminal conduct of the defendant, including the alleged assaultive behavior, beyond a reasonable doubt. On the other hand, the plaintiff wife in the civil action has the burden of establishing her case by a fair preponderance of the credible evidence. Therefore, the dismissal of the prior criminal charge against the defendant, even if proved and on the merits, could not have preclusive effect against the plaintiff's civil action to recover damages based on the same conduct.

Finally, we have reviewed the defendant's contentions on these appeals and find them to be either without merit or rendered academic in light of our finding that the complaint was improperly dismissed on the ground of collateral estoppel *(see, e.g., Taylor v New York City Tr. Auth.,* 131 AD2d 460). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.