Anthony DEGENNARO, Plaintiff,

v.

**TOWN OF RIVERHEAD, Michael Fandrey, Robert Peeker, and James Lydon, Defendants.**

No. CV 88–2164 (ADS).

United States District Court, E.D. New York.

Oct. 31, 1993.

**110**

Harry H. Kutner, Jr., Mineola, NY, for plaintiff.

Michael T. Clifford & Associates, Riverhead, NY, by Thomas Nolan, of counsel, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Anthony DeGennaro has moved for the Court to grant summary judgment in his favor regarding the preclusive effect of the Southampton Town Court's dismissal of three criminal misdemeanor charges against him.* By granting the motion and ruling that the dismissal of the criminal charges preclusively determines there was no probable cause for the officers' actions in arresting and prosecuting him, the plaintiff asserts that the issues of the defendants' liability in this case should be resolved in his favor and need not be sent to the jury.

Counsel for the defendants opposes the motion, and argues that (1) the individual

police officers' and the Town's interests were not represented by the State of New York and prosecution in the Southampton criminal proceeding, and (2) the defendants did not have a fair opportunity to litigate the issue of probable cause, as the Southampton Town Court decided the issue based on the pleadings and without a hearing.

## DISCUSSION

■■■ A federal court applies the state law of preclusion when determining the preclusive effect of a state court decision. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Prior civil or criminal state court decisions can be used offensively as collateral estoppel in subsequent federal Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). A federal trial court is granted broad discretion to determine when collateral estoppel is to be used offensively. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979).

■■■ Under New York law, to invoke the doctrine of collateral estoppel there must be (1) an identity of issue which has necessarily been decided in the prior action and is decisive in the present action, and (2) a full and fair opportunity to contest the decision presently said to be controlling. *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 959, 246 N.E.2d 725, 728 (1969); *Brown v. The City of New York*, 80 A.D.2d 596, 436 N.Y.S.2d 37, 38 (2d Dept. 1981). The party against whom the collateral estoppel is used need not necessarily be the same party from the prior proceeding, but its interests must have been represented by the party in the prior proceeding. *B.R. DeWitt, Inc. v. Hall*, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 600–01, 225 N.E.2d 195, 197–98 (1967); *Irizzary v. The City of New York*, 79 Misc.2d 346, 357 N.Y.S.2d 756, 759 (N.Y.City Civ.Ct.1974).

In support of his motion, the plaintiff's counsel primarily relies on *Brown*. In *Brown*, the court held that the prior dismiss-

---

* The three crimes charged were attempted assault in the third degree, resisting arrest and obstruc-   tion of governmental administration.

al of criminal charges against the plaintiff for lack of probable cause could be used as a preclusive determination of the issue of want of probable cause in a subsequent action brought against the police officers and city for false arrest, false imprisonment, assault and malicious prosecution. The *Brown* court determined that the police officers were in "privity" with the state, and, thus, had a full and fair opportunity to contest the decision of the criminal court on the issue of probable cause during the prosecution. The plaintiff's counsel further asserts that the Second Circuit in *Warren v. Byrne*, 699 F.2d 95 (2d Cir.1983), held, following *Brown*, that New York law provides that police officers are in privity with the prosecution in previously-terminated criminal proceedings. Counsel for the defendants argues that the plaintiff is misinterpreting *Warren v. Byrne*. The Court agrees.

The defendants in *Warren v. Byrne* were private citizens employed by the county environmental department, who had arrested the plaintiffs in that case for trespass. After being acquitted of trespass in the criminal proceeding, the plaintiffs brought a subsequent Section 1983 case against the defendants. In the Section 1983 case, the plaintiffs sought to use their acquittal as a preclusive determination of the defendants' liability. The district court, however, allowed the trespass issue to be relitigated. On appeal, the Second Circuit upheld the district court, stating that collateral estoppel would be improper as there was no privity between the defendants and the parties in the criminal proceeding; the rules of law and burdens of proof in the criminal and civil cases were substantially different; and dismissal of the trespass charges was not determinative of the issues in the Section 1983 case. *See Id.* at 97.

The Second Circuit in *Warren v. Byrne* distinguished *Brown* and *Irizzary* on the basis that the two cases did not involve subsequent civil actions against private citizens, as was the case in *Warren v. Byrne*. Although the Second Circuit recited the holding of the two cases—that the interests of the state and city in a criminal prosecution are similar and make one privy to the other,—the Second

Circuit did not discuss, *or rule on*, the issue of whether a police officer can be considered to have had a full and fair opportunity to contest the issue of probable cause during a criminal proceeding where the conviction was dismissed on the pleadings and without a hearing, for purposes of collateral estoppel in *a subsequent Section 1983 case.*

Indeed, the Second Circuit went on to hold that because the plaintiffs' case involved a claim for malicious prosecution, the dismissal of the criminal charges could not be used to preclude litigation of the trespass issue. Under New York law, in an action for malicious prosecution, the favorable termination of the criminal proceeding " 'has no bearing whatever in and of itself on want of probable cause.' " *Warren v. Byrne*, 699 F.2d at 98 (quoting *New York Pattern Jury Instructions–Civil 3:50*, Malicious Prosecution, at 805 [1968] ). *See also Munoz v. New York City*, 18 N.Y.2d 6, 271 N.Y.S.2d 645, 649, 218 N.E.2d 527, 529 (1966).

In *Wyler v. United States of America*, 725 F.2d 156 (2d Cir.1983), the plaintiff brought a Section 1983 action brought against *inter alia*, federal Drug Enforcement Agency ("DEA") agents. The plaintiff sought to use the dismissal of a prior criminal charge based on failure to prove the legal sufficiency of a search and seizure, in the Section 1983 case. Following *Warren v. Byrne*, the Second Circuit declined to use the dismissal as a preclusive determination of the DEA agents' liability, on the ground that they were not parties to the criminal proceeding. *Wyler*, 725 F.2d at 160.

█ In this case, the dismissal of the criminal charges by the Southampton Town Court cannot collaterally be used to preclude litigation of the issue of probable cause. As in *Warren v. Byrne*, the plaintiff here has plead a cause of action for malicious prosecution. Thus, under New York law, the favorable termination of the Southampton criminal proceeding has no bearing on want of probable cause in this case. *Warren*, 699 F.2d at 98.

Also, the defendants in this case did not have a full and fair opportunity to contest the issue of probable cause in the Southampton Town Court. Unlike the situations in *Brown* and *Irizzary*, where a trial and hearings were conducted in the criminal proceeding,

112

here the Southampton Town Court dismissed the charges against Mr. DeGennaro based on *the pleadings* before it. Similar to the situation of the defendants in *Warren v. Byrne* and *Wyler*, there was no opportunity for the individual police officers in this case during the criminal proceeding to be heard with regard to the personal interests that are at issue in this action for civil liability under Section 1983. *See also Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir.1971) (where conviction was reversed, defendant police officers in Section 1983 case did not have privity with state during prior criminal proceeding for purposes of plaintiff's invoking collateral estoppel on the issue of lack of probable cause in Section 1983 case); *Schwab v. Wood*, 767 F.Supp. 574, 583 (D.Del.1991) (police officers had no control over or substantially participated in the state's presentation of criminal case, the prosecutor represented the interests of the state and not the officers' in the criminal proceeding, and the officers had no opportunity to engage in any discovery or assert any defense which could shield them from civil liability during the criminal proceeding); *Griffin v. Strong*, 739 F.Supp. 1496, 1502 (D.Utah, 1990) (same).

Moreover, the Town of Riverhead's interests in defending against a Section 1983 suit, involving accusations of town custom or policy, *see Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), or respondeat superior in the state common law claims, can hardly be said to have been represented in the Southampton criminal proceeding.

Accordingly, the Court finds that the Southampton Town Court's dismissal of the criminal misdemeanor charges against Mr. DeGennaro cannot be used offensively in this Section 1983 case against the Town of Riverhead and the individual police officers as a preclusive determination of the issue of whether the defendants had probable cause to arrest and prosecute the plaintiff. The plaintiff's motion for summary judgment is denied.

SO ORDERED.