Han v New York City Tr. Auth. (2021 NY Slip Op 07512)





Han v New York City Tr. Auth.


2021 NY Slip Op 07512


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 152872/13, 595681/16 Appeal No. 14902 Case No. 2021-00486 

[*1]Ashley Han etc., et al., Plaintiffs,
v
New York City Transit Authority, Defendant Third-Party Plaintiff-Respondent, Naeem Davis, Third-Party Defendant-Appellant. 


Kramer Levin Naftalis & Frankel LLP, New York (Boaz I. Cohen of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about January 4, 2021, which, to the extent appealed from as limited by the briefs, denied third-party defendant's (Davis) motion to dismiss the third-party complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
The motion court correctly found that the third-party complaint states a cause of action by alleging that if New York City Transit Authority (NYCTA) is found liable to plaintiffs, it will be entitled to indemnification or contribution from Davis because Davis pushed plaintiff's decedent onto the subway tracks where the decedent was hit by a train, and thus Davis's act was a proximate cause of the accident. Given the difference in the burdens of proof in civil and criminal actions, Davis's acquittal of all charges in connection with the death of plaintiff's decedent does not conclusively establish that NYCTA has no cause of action against him (Kalra v Kalra , 149 AD2d 409, 410 [2d Dept 1989] ["an acquittal does not generally constitute collateral estoppel in relation to a civil action"]; see also Reed v State , 78 NY2d 1, 8 [1991]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021